**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

VICTOR CAGARA ORTIGUERRA,
DONATO MANALILI AGUSTIN,
AMADO TRANATE YUZON,
CHRISTOPHER ESCALANTE RAYOS,
ARVIN BANZON SAN PEDRO, and
WILFREDO BATONG SATUROS,

       *Plaintiffs*

v.

GRAND ISLE SHIPYARD, LLC., and
GIS, LLC,

       *Defendants*

CIVIL ACTION NO. ___22-cv-309___

COLLECTIVE ACTION
PURSUANT TO 29 U.S.C. § 216(b)

JURY TRIAL DEMANDED

---

**COMPLAINT**

    **NOW INTO COURT,** through undersigned counsel, come Plaintiffs Victor Cagara Ortiguerra, Donato Manalili Agustin, Amado Tranate Yuzon, Chistopher Escalante Rayos, Arvin Banzon San Pedro, and Wilfredo Baton Saturos (collectively, "Plaintiffs"), on their own behalf and on behalf of those similarly situated and allege as follows:

       **I.**      **PRELIMINARY STATEMENT**

    1.    Plaintiffs are skilled welders and/or fitters who worked for Grand Isle Shipyard LLC and GIS, LLC (collectively, "Defendants") in and around Galliano, Louisiana at various times from 2006 until 2021.

2.      Plaintiffs and other similarly situated workers routinely worked or were on call upwards of ninety hours per week, but Defendants did not pay them the minimum wage and overtime wage required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207.

## II.      JURISDICTION AND VENUE

3.       This action alleges the violation of rights under the Fair Labor Standards Act (hereafter "FLSA"). Thus, the predominant action herein is within the subject-matter jurisdiction in this Court, pursuant to 28 U.S.C. §1331.

4.      The Court has personal jurisdiction over Defendants since they regularly conduct business in the State of Louisiana, and therefore have minimum contacts with the State of Louisiana.

5.      Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana.

## III.      PARTIES

### A.      Plaintiffs

6.      Plaintiff Victor Cagara Ortiguerra ("Ortiguerra") is a resident of Florida who Defendants employed as a welder from November 2019 until May 2021. While Ortiguerra worked for Defendants, he was a resident of the State of Louisiana.

7.      Ortiguerra's written consent to join this FLSA collective action is attached as Exhibit A to this complaint.

8.      Plaintiff Donato Manalili Agustin ("Agustin") is a resident of Florida who Defendants employed as a fitter in 2008 and again from June 2018 until January 2021. While Agustin worked for Defendants, he was a resident of the State of Louisiana.

2

9.      Agustin's written consent to join this FLSA collective action is attached as Exhibit B to this complaint.

10.     Plaintiff Amado Tranate Yuzon ("Yuzon") is a resident of Florida who Defendants employed as a welder from 2006 until May 2021.  While Yuzon worked for Defendants, he was a resident of the State of Louisiana.

11.     Yuzon's written consent to join this FLSA collective action is attached as Exhibit C to this complaint.

12.     Christopher Escalante Rayos ("Rayos") is a resident of Florida who Defendants employed as a welder from October 2019 until May 2021.  While Rayos worked for Defendants, he was a resident of the State of Louisiana.

13.     Rayos's written consent to join this FLSA collective action is attached as Exhibit D to this complaint.

14.     Arvin Banzon San Pedro ("San Pedro") is a resident of Florida who Defendants employed as a fitter from March 2007 until May 2021.  While San Pedro worked for Defendants, he was a resident of the State of Louisiana.

15.     San Pedro's written consent to join this FLSA collective action is attached as Exhibit E to this complaint.

16.     Wilfredo Baton Saturos ("Saturos") is a resident of Florida who Defendants employed as a welder from June 2018 until February 2021.  While Saturos worked for Defendants, he was a resident of the State of Louisiana.

17.     Saturos's written consent to join this FLSA collective action is attached as Exhibit F to this complaint.

18.     Plaintiffs are among over 50 nationals of the Philippines who worked for the Defendants with B-1 visas as welders, fitters, painters/riggers/blasters, cooks, mechanics, and housekeepers/laundrymen in the Eastern District of Louisiana (collectively, "B-1 workers").

19.     Like Plaintiffs, the other B-1 workers resided at Defendants' Lafourche Parish, Louisiana work camp and at various times also worked offshore under the same or similar wage payment scheme, which resulted in minimum wage and overtime underpayments.

20.     Pursuant to 29 U.S.C. § 216(b), and as set forth in detail below, Plaintiffs seek to assert their claims individually and on behalf of all of those similarly situated, who (1) are currently employed by Defendants and/or who have been employed by Defendants any time in the last three years, and (2) are Philippine nationals who were present in the United States with B-1 visas and employed by the Defendants.

21.     Defendant Grand Isle Shipyard, LLC. ("GI Shipyard") is a Louisiana Limited Liability Company domiciled in Galliano, Louisiana and headquartered at 18838 Highway 3235, Galliano, LA 70354, in the Eastern District of Louisiana.

22.     Upon information and belief, GI Shipyard maintains and repairs oil rigs in the Gulf of Mexico, housing many of its 200-plus employees, when onshore, in a converted bowling alley in Lafourche Parish, Louisiana.

23.     According to Louisiana Secretary of State records, Daniel St. Germaine is the Registered Agent for GI Shipyard, with the same address as the GI Shipyard headquarters.

24.     Defendant GIS, LLC ("GIS") is a Washington Limited Liability Company registered with the Louisiana Secretary of State as a Foreign Limited Liability Company. GIS's principal business office is 18838 Highway 3235, Galliano, LA 70354, in the Eastern District of Louisiana.

25.     According to Louisiana Secretary of State records, Daniel St. Germaine is the Registered Agent for GIS, with the same address as the GIS business office.

26.     Upon information and belief, GIS maintains and repairs oil rigs in the Gulf of Mexico, housing many of its employees, when onshore, in a converted bowling alley in Lafourche Parish, Louisiana.

27.     At all relevant times, Defendants were "employers" of Plaintiffs and other similarly situated workers within the meaning of the FLSA.

28.     At all relevant times, Plaintiff and other similarly situated workers were individual employees engaged in performing activities within the meaning of 29 U.S.C. § 203(r) as required by 29 U.S.C. §§ 206, 207.

29.     At all relevant times, Defendants "employed" Plaintiffs and other similarly situated workers within the meaning of the FLSA.

30.     At all relevant times, Plaintiffs and other similarly situated workers were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b) and (j).

31.     At all times relevant to this Complaint, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s), in that Defendants operate an enterprise that has employees engaged in commerce or production of goods for commerce and that has annual gross revenues that exceed $500,000.00. 29 U.S.C. § 203(s)(1)(A).

## IV.    FACTUAL BACKGROUND

32.    According to Plaintiffs' and other similarly situated workers employment contracts,[1] Defendants were to pay Plaintiffs a "Basic Monthly Salary."

33.    For example, the "Basic Monthly Salary" amount in the Plaintiffs' 2021 employment contracts was $1,640.00.

34.    Plaintiffs and other similarly situated workers did not receive their "Basic Monthly Salary" amount "free and clear."

35.    According to Plaintiffs' and other similarly situated workers' employment contracts, Defendants were to pay Plaintiffs "Vacation Leave with Pay."

36.    For example, the "Vacation Leave with Pay" amount in the Plaintiffs' 2021 employment contracts was $246.00 per month.

37.    Plaintiffs and other similarly situated workers did not receive their "Vacation Leave with Pay" amount "free and clear."

38.    According to Plaintiffs' and other similarly situated workers' employment contracts, Defendants were to pay an "Overtime" rate to the Plaintiffs and other similarly situated workers.

39.    For example, the "Overtime" rate in the Plaintiffs' 2021 employment contract was $15.375 per hour.

40.    Plaintiffs and other similarly situated workers did not receive their "Overtime" rate "free and clear."

---

[1] Plaintiff uses the term "contract" herein as shorthand to refer to the referenced documents. Plaintiff contends the documents do not constitute enforceable contracts.

6

41.     Defendants did not pay Plaintiffs and other similarly situated workers their wages "free and clear" as required by the FLSA.  29 C.F.R. § 531.32.  Rather, Defendants paid Plaintiffs and other similarly situated workers only twenty percent of their wages.

42.     Plaintiffs and other similarly situated workers regularly worked over 70 hours per week while offshore and were on call all day, every day, while living in Defendants' labor camp.

43.     Defendants did not pay Plaintiffs and other similarly situated workers full overtime premiums at a rate of time-and-a-half for every hour worked and/or on call over 40 hours in a workweek.

44.     Defendants paid the remainder of Plaintiffs' and other similarly situated workers' wages to DNR Offshore and Crewing Services, Inc. ("DNR"), a labor broker based in the Philippines. DNR in turn took substantial deductions out of the Plaintiff's and other similarly situated workers' wages and paid the balance to Plaintiffs' and other similarly situated workers' family members in the Philippines.

45.     For example, the workweek of December 29, 2020 to January 4, 2021, Plaintiff Agustin's wage statement indicates he worked 46 hours,[2] his regular (non-overtime) pay was $404.60 (40 hours at $10.12 per hour), and his overtime pay was $91.08 (6 hours at $15.18 per hour).  Under Defendants' wage payment scheme, Agustin would have received only 20 percent of these wages "free and clear."  Therefore, his regular pay rate would have been $2.02 per hour, and his overtime pay rate would have been $3.04 per hour; both substantially below the FLSA minimum wage and the FLSA-mandated overtime pay rate based on Agustin's regular rate of pay.

---

[2]  Plaintiffs dispute that their wage statements accurately reflect their work hours.

46.     When Plaintiffs and other similarly situated workers were not working on rigs or getting transported to and from rigs, they were required to stay in the Defendants' labor camp or, when quarantined because of a COVID19 infection, on a moored barge.

47.     Plaintiffs and other similarly situated workers were not allowed to leave the labor camp or quarantine barge on their own.

48.     The only time the Plaintiffs and other similarly situated workers were allowed to leave the labor camp was (a) when Defendants' drivers took them to a local Walmart in a twelve-passenger van about three times per week; and (b) when Defendants' drivers took them to Houma, Louisiana to make purchases shortly before the workers departed to the Philippines.

49.     B-1 workers who attempted to leave the labor camp on their own were fired or blacklisted.

50.     B-1 workers who were on the quarantine barge were not allowed to leave.

51.     Because the Plaintiffs and other similarly situated workers were required to remain on-call on the Defendants' premises during non-work hours (or, when they left, the were required to remain under Defendants' control), Defendants were required to pay Plaintiffs FLSA-required minimum wage and overtime premiums for these hours.

52.     Defendants did not pay Plaintiffs and other similarly situated workers FLSA-required minimum wage or overtime premiums for on-call hours.

<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>

53.     Plaintiffs brings their FLSA claims on behalf of themselves and those individuals who may opt into this action pursuant to 29 U.S.C. § 216(b) and who were not paid required wages at the Defendants' operations between February 9, 2019 and the date of preliminary approval of the opt-in class.

54.     Plaintiffs and other workers were subject to the same policies and practices of the Defendants.

55.     Plaintiffs and other workers worked offshore and, while onshore, resided at Defendants' labor camp in Lafourche Parrish, Louisiana.

56.     Plaintiffs and other workers were nationals of the Philippines employed at Defendants' operations with B-1 visas having an "OCS" (outer continental shelf) designation.

57.     Common proof applicable to Plaintiffs and the other workers in this location will show that Defendants failed to properly pay wages to Plaintiffs and other similarly situated workers.

58.     Plaintiffs are currently unaware of the identities of all the employees who would be members of the FLSA opt-in class, but this information is readily ascertainable from Defendants' records.  Defendants therefore should be required to provide Plaintiffs with a list—including last known addresses, telephone numbers, and email addresses—of all individuals who (1) were Philippine nationals with B-1 visas and (2) worked out of Defendants' Lafourche Parish camp between February 9, 2019 and the present.

## V.     CAUSE OF ACTION

### COUNT 1
### VIOLATIONS OF THE FLSA

59.     Plaintiffs incorporates by reference and re-allege each and every allegation contained above as though fully set forth herein.

60.     Defendants willfully and intentionally failed to pay the minimum wage to Plaintiffs, and to other similarly situated workers who opt into this action, for every hour they worked and were on call between February 9, 2019 and the present.

61.     Defendants' failure to pay the minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 206(a) and its implementing regulations.

62.     Defendants also willfully and intentionally failed to pay Plaintiffs and other similarly situated workers who opt into this action overtime at a rate of at least one-and-a-half times the legally required wage for every hour they worked above 40 hours in a workweek between February 9, 2019 and the present.

63.     Defendants' failure to pay overtime premiums violates the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

64.     Further, Section 211 of the FLSA further requires employers to keep accurate records of data related to their employees' "wages, hours, and other conditions and practice of employment." 29 U.S.C. § 211(a), (c).

65.     Upon information and belief, Defendants failed and/or refused to document the total hours Plaintiffs worked and/or were on call each workweek, Plaintiffs' total overtime earnings for the work week, and all additions to or deductions from Plaintiffs' wages.

66.     Plaintiffs and other similarly situated workers who opt into this action are therefore entitled to their unpaid minimum wages and overtime premiums, plus an equal amount in liquidated damages, as a consequence of Defendants' unlawful acts and omissions, in accordance with 29 U.S.C. § 216(b).

## VI.     DEMAND FOR TRIAL BY JURY

67.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demands a trial by jury on all questions of fact raised by this Complaint.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and those similarly situated, pray that this Court enter an Order:

a.   assuming jurisdiction over this action;

b.   declaring this action to be maintainable as a FLSA collective action pursuant to 29 U.S.C. § 216, allowing Plaintiffs to provide notice of this action to potential opt-in plaintiffs, and allowing those eligible similarly situated workers who choose to do so to opt-in to this action;

c.   declaring that the Defendants violated the FLSA;

d.   permanently enjoining Defendants from further violations of the FLSA;

e.   granting judgment to Plaintiffs, and to other similarly situated workers who opt in pursuant to 29 U.S.C. § 216(b), on their FLSA claims and awarding each of them their unpaid minimum wages and overtime premiums plus an equal amount in liquidated damages;

f.   awarding prejudgment and postjudgment interest as allowed by law;

g.   awarding Plaintiffs and other similarly situated workers their costs and reasonable attorneys' fees; and

h.   granting such further relief as this Court finds just.

Respectfully submitted this day: February 9, 2022,

_____/s/ Kenneth C. Bordes_____
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(pro hac vice motion forthcoming)*

***Attorneys for Plaintiffs***


PLAINTIFF'S EXHIBIT

A

ENGLISH:

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am a current or former employee of Grand Isle Shipyard, Inc. and/or GIS, LLC in Galliano, Louisiana. I consent to be a party Plaintiff in an action under the Fair Labor Standards Act ("FLSA") against Grand Isle Shipyard, Inc., GIS, LLC and/or related entitles and individuals to recover my unpaid minimum wage and overtime pay and all other damages as allowed by the FLSA.

Signature: _____
Victor Ortiguerra (Feb 9, 2022 17:07 EST)

Full Name: ____Victor Cagara Ortiguerra_____

Date: ____Feb 9, 2022_____


TAGALOG:

KONSENTO NA MAG-SUE SA ILALIM NG FAIR LABOR STANDARDS ACT

Ako ay kasalukuyan o dating empleyado ng Grand Isle Shipyard, Inc. at/o GIS, LLC. sa Galliano, Louisiana. Sumasang-ayon ako na maging isang partido ng Plaintiff sa isang aksyon sa ilalim ng Fair Labor Standards Act ("FLSA") laban sa Grand Isle Shipyard, Inc., GIS, LLC. at / o mga nauugnay na kumpanya at indibidwal upang makuha ang aking hindi nabayarang minimum na sahod at dagdag na bayad sa obertaym at lahat ng iba pang mga pinsalang pinahintulutan ng FLSA.

Lagda: _____
Victor Ortiguerra (Feb 9, 2022 17:07 EST)

Buong Pangalan: ____Victor Cagara Ortiguerra_____

Petsa: ____Feb 9, 2022_____



PLAINTIFF'S
EXHIBIT

B

ENGLISH:

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am a current or former employee of Grand Isle Shipyard, Inc. and/or GIS, LLC in Galliano, Louisiana. I consent to be a party Plaintiff in an action under the Fair Labor Standards Act ("FLSA") against Grand Isle Shipyard, Inc., GIS, LLC and/or related entitles and individuals to recover my unpaid minimum wage and overtime pay and all other damages as allowed by the FLSA.

Signature: _Donato Agustin (Jan 21, 2022 20:36 EST)_

Full Name: Donato Agustin

Date: Jan 21, 2022

TAGALOG:

KONSENTO NA MAG-SUE SA ILALIM NG FAIR LABOR STANDARDS ACT

Ako ay kasalukuyan o dating empleyado ng Grand Isle Shipyard, Inc. at/o GIS, LLC. sa Galliano, Louisiana. Sumasang-ayon ako na maging isang partido ng Plaintiff sa isang aksyon sa ilalim ng Fair Labor Standards Act ("FLSA") laban sa Grand Isle Shipyard, Inc., GIS, LLC. at / o mga nauugnay na kumpanya at indibidwal upang makuha ang aking hindi nabayarang minimum na sahod at dagdag na bayad sa obertaym at lahat ng iba pang mga pinsalang pinahintulutan ng FLSA.

Lagda: _Donato Agustin (Jan 21, 2022 20:36 EST)_

Buong Pangalan: dhoyagustin24@gmail.com

Petsa: Jan 21, 2022



PLAINTIFF'S EXHIBIT

**C**

ENGLISH:

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am a current or former employee of Grand Isle Shipyard, Inc. and/or GIS, LLC in Galliano, Louisiana. I consent to be a party Plaintiff in an action under the Fair Labor Standards Act ("FLSA") against Grand Isle Shipyard, Inc., GIS, LLC and/or related entitles and individuals to recover my unpaid minimum wage and overtime pay and all other damages as allowed by the FLSA.

Signature: _Amado Yuzon (Jan 24, 2022 17:26 EST)_

Full Name: Amado T. Yuzon

Date: Jan 24, 2022


TAGALOG:

KONSENTO NA MAG-SUE SA ILALIM NG FAIR LABOR STANDARDS ACT

Ako ay kasalukuyan o dating empleyado ng Grand Isle Shipyard, Inc. at/o GIS, LLC. sa Galliano, Louisiana. Sumasang-ayon ako na maging isang partido ng Plaintiff sa isang aksyon sa ilalim ng Fair Labor Standards Act ("FLSA") laban sa Grand Isle Shipyard, Inc., GIS, LLC. at / o mga nauugnay na kumpanya at indibidwal upang makuha ang aking hindi nabayarang minimum na sahod at dagdag na bayad sa obertaym at lahat ng iba pang mga pinsalang pinahintulutan ng FLSA.

Lagda: _Amado Yuzon (Jan 24, 2022 17:26 EST)_

Buong Pangalan: Amado T. Yuzon

Petsa: Jan 24, 2022



ENGLISH:

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am a current or former employee of Grand Isle Shipyard, Inc. and/or GIS, LLC in Galliano, Louisiana. I consent to be a party Plaintiff in an action under the Fair Labor Standards Act ("FLSA") against Grand Isle Shipyard, Inc., GIS, LLC and/or related entitles and individuals to recover my unpaid minimum wage and overtime pay and all other damages as allowed by the FLSA.

Signature: _____
Christopher escalante raros (Jan 24, 2022 16:39 EST)

Full Name: Christopher escalante raros

Date: Jan 24, 2022

TAGALOG:

KONSENTO NA MAG-SUE SA ILALIM NG FAIR LABOR STANDARDS ACT

Ako ay kasalukuyan o dating empleyado ng Grand Isle Shipyard, Inc. at/o GIS, LLC. sa Galliano, Louisiana. Sumasang-ayon ako na maging isang partido ng Plaintiff sa isang aksyon sa ilalim ng Fair Labor Standards Act ("FLSA") laban sa Grand Isle Shipyard, Inc., GIS, LLC. at / o mga nauugnay na kumpanya at indibidwal upang makuha ang aking hindi nabayarang minimum na sahod at dagdag na bayad sa obertaym at lahat ng iba pang mga pinsalang pinahintulutan ng FLSA.

Lagda: _____
Christopher escalante raros (Jan 24, 2022 16:39 EST)

Buong Pangalan: Christopher escalante raros

Petsa: Jan 24, 2022



ENGLISH:

CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am a current or former employee of Grand Isle Shipyard, Inc. and/or GIS, LLC in Galliano, Louisiana. I consent to be a party Plaintiff in an action under the Fair Labor Standards Act ("FLSA") against Grand Isle Shipyard, Inc., GIS, LLC and/or related entitles and individuals to recover my unpaid minimum wage and overtime pay and all other damages as allowed by the FLSA.

Signature: _Arvin B.San Pedro (Jan 24, 2022 14:31 EST)_____

Full Name: __Arvin B.San Pedro_____

Date: __Jan 24, 2022_____


TAGALOG:

KONSENTO NA MAG-SUE SA ILALIM NG FAIR LABOR STANDARDS ACT

Ako ay kasalukuyan o dating empleyado ng Grand Isle Shipyard, Inc. at/o GIS, LLC. sa Galliano, Louisiana. Sumasang-ayon ako na maging isang partido ng Plaintiff sa isang aksyon sa ilalim ng Fair Labor Standards Act ("FLSA") laban sa Grand Isle Shipyard, Inc., GIS, LLC. at / o mga nauugnay na kumpanya at indibidwal upang makuha ang aking hindi nabayarang minimum na sahod at dagdag na bayad sa obertaym at lahat ng iba pang mga pinsalang pinahintulutan ng FLSA.

Lagda: _Arvin B.San Pedro (Jan 24, 2022 14:31 EST)_____

Buong Pangalan: __Arvin B.San Pedro_____

Petsa: __Jan 24, 2022_____

PLAINTIFF'S EXHIBIT

F

ENGLISH:
CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am a current or former employee of Grand Isle Shipyard, Inc. and/or GIS, LLC in Galliano, Louisiana. I consent to be a party Plaintiff in an action under the Fair Labor Standards Act ("FLSA") against Grand Isle Shipyard, Inc., GIS, LLC and/or related entitles and individuals to recover my unpaid minimum wage and overtime pay and all other damages as allowed by the FLSA.

Signature: Wilfredo b. Saturos (Jan 21, 2022 20:38 EST)

Full Name: Wilfredo b. Saturos

Date: Jan 21, 2022

TAGALOG:
KONSENTO NA MAG-SUE SA ILALIM NG FAIR LABOR STANDARDS ACT

Ako ay kasalukuyan o dating empleyado ng Grand Isle Shipyard, Inc. at/o GIS, LLC. sa Galliano, Louisiana. Sumasang-ayon ako na maging isang partido ng Plaintiff sa isang aksyon sa ilalim ng Fair Labor Standards Act ("FLSA") laban sa Grand Isle Shipyard, Inc., GIS, LLC. at / o mga nauugnay na kumpanya at indibidwal upang makuha ang aking hindi nabayarang minimum na sahod at dagdag na bayad sa obertaym at lahat ng iba pang mga pinsalang pinahintulutan ng FLSA.

Lagda: Wilfredo b. Saturos (Jan 21, 2022 20:38 EST)

Buong Pangalan: Wilfredo b. Saturos

Petsa: Jan 21, 2022