## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORGTIGUERRA, ET AL<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO.  2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

### OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ORIGINAL COMPLAINT RELATED TO MOOTNESS, AND IN THE ALTERNATIVE, LEAVE TO FILE A SUPPLEMENTAL OPPOSITION IN ACCORDANCE WITH THE REQUESTED EXTENSION DEADLINE IN R. DOC. 22

**NOW INTO COURT,** through undersigned counsel, comes Plaintiffs Victor Cagara Ortiguerra, Donato Manalili Agustin, Amado Tranate Yuzon, Chistopher Escalante Rayos, Arvin Banzon San Pedro, Wilfredo Batong Saturos, Rosel Nufable Hernandez, Siegfried Tapia Carlos, Renato Arbolida Decena, and Isais Santiago Dinglasan (collectively, "Plaintiffs"),[1] on their own behalf and on behalf of those similarly situated and allege as follows:

### I.    RELEVANT PROCEDURE AND BACKGROUND

On February 9, 2022, Plaintiffs' Original Complaint was filed relating only to the FLSA claims against Defendants, in order to help preserve those claims. R. Doc. 1. Plaintiffs withheld

---

[1] The Original Complaint, R. Doc. 1, contained only six of the ten named representative Plaintiffs. Thus, in addition to the numerous additional factual allegation and claims, Plaintiffs' First Amended Complaint, R. Doc. 19, added named Plaintiffs Rosel Nufable Hernandez, Siegfried Tapia Carlos, Renato Arbolida Decena, and Isais Santiago Dinglasan.

service anticipating the addition Plaintiffs, facts, and clarification of additional claims.

On March 21, 2022, Counsel for Defendants contacted undersigned for introduction, to advise of representation, and to discuss service and the aforementioned possibilities of amendment.

On April 29, 2022, Plaintiffs' effected service on Defendants through a private server, to ensure timely service, due to unforeseen delays in communicating with the added Plaintiffs and the need for interpreters in drafting the First Amended Complaint. R. Doc. 19.

On June 8, 2022, Defendants filed a Motion to Dismiss and Compel Arbitration (MTCA) related to the Original Complaint, R. Doc. 1, alleging violations of the Fair Labor Standards Act (FLSA). R. Doc. 14.

On June 16, 2022, Plaintiffs filed an unopposed extension for responding to Defendants MTCA, noting what was previously conveyed, that "Plaintiffs intend to amend their complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) to modify and add claims, and to add parties." R. Doc. 17.

On June 30, 2022, Plaintiffs filed their First Amended Complaint, adding (1) numerous factual allegations and claims, including class claims for Trafficking Victims Protection Act ("TVPA") claims, 18 U.S.C. § 1595, and Fair Housing Act violations; (2) four new named Plaintiffs; (3) and a request for a declaratory judgment—including a related jury demand—on the arbitrability issue. R. Doc. 19.

On July 6, 2022, in anticipation of the July 12, 2022 pending response to Defendants' MTCA related to the Original Complaint, undersigned called counsel for Defendants to discuss the issues of withdrawing their MTCA in light of the substantially amended, operative First Amended Complaint, with leave to refile a MTCA as to the operative Complaint, as we felt the MTCA as to the Original Petition was moot. Counsel for Defense said they would confer.

Undersigned asked as a courtesy for a quick response considering a medical procedure requiring anesthesia scheduled for Monday, July 11, 2022.

On July 7, 2022, counsel for Defendants who undersigned spoke to emailed and referred counsel for Plaintiffs to her co-counsel for Defendants' decision.

On July 8, 2022, counsel for Plaintiffs left a voice message and emailed appointed counsel for Defendants, as directed, asking if they would consent to withdrawal with the right to refile a MTCA.

On July 11, 2022, having not heard back, undersigned emailed counsel for Defendants again seeking a response on whether they would consent, and noted a call was placed to Chambers.

On July 11, 2022, counsel for Defendants indicated they would like to first confer with the Court, as Plaintiffs' counsel mentioned was done in another matter.

On July 11, 2022, Plaintiffs file an *Ex Parte* Consent Motion to Extend Time and to Set Status Conference, R. Doc. 22, making Plaintiffs' opposition to Defendants' MTCA as to the Original Complaint due August 12, 2022, leaving time for a conference with the Court, if granted.

## II.   ARGUMENT ON MOOTNESS

Defendants' Motion to Dismiss Plaintiffs' Original Complaint should be denied because the Motion is moot in light of the First Amended Complaint's additional claims against Defendants, facts, and litigants. *Bardell v. Jefferson Par. Sch. Bd.,* No. CV 20-03245, 2022 WL 298840 (E.D. La. Feb. 1, 2022) (denying as moot motion to dismiss because "the Third Amended Complaint adds a number of new allegations 'whose effect on the Motion's argument is not immediately clear.'"); *Kelley v. Domingue,* No. CV 20-1496, 2020 WL 5877883, at *1 (E.D. La. Oct. 2, 2020) (denying motion to dismiss as moot after filing of amended complaint) & n.11 (collecting cases); *Hibbets v. Lexington Ins. Co.*, No. CIV.A. 07-5169, 2008 WL 373608, at *1

3

(E.D. La. Feb. 7, 2008) ("Even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint ...."); *Greene v. DeMoss*, No. 3:20-CV-00578, 2021 WL 668801, at *1 (W.D. La. Feb. 4, 2021), *report and recommendation adopted*, No. 3:20-CV-00578, 2021 WL 665900 (W.D. La. Feb. 19, 2021) ("In light of the changes wrought by the amended complaint, the court ordered defendants to either withdraw their motions to dismiss or otherwise supplement their motions to tailor it to the amended pleading."); *see also*, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) ("[A]n amended complaint supersedes [an] original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading...."); *Morgan v. Texas Dep't of State Health Servs.*, No. 3:17-CV-0047-D, 2017 WL 3098582, at *7 (N.D. Tex. June 5, 2017), *report and recommendation adopted*, No. 3:17-CV-0047-D, 2017 WL 3086331 (N.D. Tex. July 20, 2017)("If Plaintiff timely files an amended complaint, however, the motion to dismiss should be DENIED as moot, and the action should be allowed to proceed on the amended complaint.").

Courts in the Eastern District "generally adhere to the rule that an amended complaint renders a motion to dismiss the original complaint moot."[2] It is when the Amended Complaint does not address or cure the alleged deficiencies, or when the "amended complaint fails to add materially different facts or specificity," or any new claims, that a court might determine a pending motion to dismiss is not moot.[3]

Here, Plaintiffs have added several additional Plaintiffs, additional causes of action, and

---

[2] *Stevens v. St. Tammany Par. Gov.*, Civ. A. No. 20-928, 2020 WL 4219638, at *4 (E.D. La. 2020). ("However, that general rule does not automatically apply when the motion to dismiss attacks the original complaint for deficiencies that continue to persist in the amended complaint." *Id*.

[3] *Id*. "Instead of adding specific violation dates or new causes of action…the Court finds that the second amended complaint fails to add materially different facts or specificity that would assist the Court in determining whether Plaintiffs state a claim upon which relief may be granted."

numerous additional and detailed facts related thereto against Defendants, including substantive allegations directly addressing the arbitrability issues Defendants raise in their MTCA. *See, e.g.,* 1st Am. Compl., R. Doc. 19, at ¶¶ 95-115 (alleging absence of enforceable agreement to arbitrate, including on the bases that (1) the new Fair Housing Act claims and the Plaintiffs' work on spars and platforms fall outside the purported agreement Defendants claim subject the case to arbitration; and (2) Plaintiffs would face arrest or other legal action resulting from their escape from labor trafficking at Defendants' operations if Plaintiffs were to return to the Philippines); ¶ 128(f) (raising arbitrability as common question applicable to the class); ¶ 141 (seeking certification of a Fed. R. Civ. P. 23(b)(2) class on the claim for a declaratory judgment on arbitrability); ¶¶ 171-176 (request for declaratory judgment and jury demand on arbitrability (Count 4)). It is unclear whether Defendants intend to file another motion to dismiss and compel arbitration in light of this added claims, fact, and parties.  However, to avoid prejudice and preserve judicial economy and the Parties' resources in responding to two separate motions to dismiss, Plaintiffs contend that the substantive allegations added, additional claims, and additional Parties added to the First Amended Complaint against Defendants render the pending Motion to Dismiss moot.

### III.  TIME TO RESPOND TO ORIGINAL MTCA

As noted above, Plaintiffs have filed an *Ex Parte* Consent Motion to Extend Time and to Set Status Conference. R. Doc. 22. If the Court determines a response to the original MTCA beyond the issue of mootness addressed herein is warranted, Plaintiffs would request leave to file a substantive opposition on or before August 12, 2022, the extended deadline Plaintiffs seek in their consent motion.  In the same consent motion, Plaintiffs requested a telephonic status conference with the Court.  Counsel for Plaintiffs and Defendants believe this would be helpful to

resolve this issue.


Respectfully submitted this day: July 12, 2022,


        /s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(admitted pro hac vice)*


**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, I electronically filed the foregoing First Amended Complaint with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to the following:

DAVID M. KORN (#21676)
STEPHANIE M. POUCHER (#37263)
MARK FIJMAN (#37680)
365 Canal Street Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
david.korn@phelps.com
stephanie.poucher@phelps.com
mark.fijman@phelps.com
*Attorneys for Defendants*

 /s/ Kenneth C. Bordes