# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR CAGARA ORTIGUERRA, DONATO MANALILI AGUSTIN, AMADO TRANATE YUZON, CHRISTOPHER ESCALANTE RAYOS, ARVIN BANZON SAN PEDRO, WILFREDO BATONG SATUROS, ROSEL NUFABLE HERNANDEZ, SIEGFRIED TAPIA CARLOS, RENATO ARBOLIDA DECENA, and ISAIAS SANTIAGO DIGLASAN** | **CIVIL ACTION NO. 22-cv-00309**  **SECTION "J" JUDGE CARL J. BARBIER**  **MAG. DIV. (4) MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **VERSUS** | |
| **GRAND ISLE SHIPYARD, LLC and GIS, LLC** | |

## RENEWED RULE 12(b)(3) MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT AND COMPEL ARBITRATION

Defendants, Grand Isle Shipyard, LLC[1] and GIS, LLC ("GIS" or "Defendants"), submit their Renewed[2] Motion to Dismiss First Amended Class Action Complaint pursuant to FED. R. CIV. P. 12(b)(3) and to Compel Arbitration. GIS filed its original Motion on June 8, 2022.[3] GIS's Renewed Motion is to address claims raised in Plaintiffs' First Amended Class Action Complaint, filed June 28, 2022.[4] For the following reasons, this Court should grant Defendants' Renewed Motion, dismiss this action, and order Plaintiffs Victor Cagara Ortiguerra ("Ortiguerra"), Donato Manalili Agustin ("Agustin"), Amado Tranate Yuzon ("Yuzon"), Christopher Escalante Rayos ("Rayos"), Arvin Banzon San Pedro ("San Pedro"),Wilfredo Batong Saturos ("Saturos"), Rosel

---

[1] GIS, LLC owns Grand Isle Shipyard, LLC. Grand Isle Shipyard, LLC is the actual employer of the Plaintiffs in this matter.

[2] GIS filed it original Motion on June 8, 2022, Pacer Docket Entry No. 14. GIS's Renewed Motion is to address claims raised in Plaintiffs' First Amended Class Action Complaint, filed June 28, 2022, R. Doc. 19.

[3] See R. Doc. 14.

[4] See R. Doc. 19.

Nufable Hernandez ("Hernandez"), Siegfried Tapia Carlos ("Carlos"), Renato Arbolida Decena ("Decena") and Isaias Santiago Dinglasan ("Dinglasan") (collectively "Plaintiffs") to submit their claims to an arbitration tribunal in the Philippines. Defendants would show as follows:

1. Plaintiffs are all Philippine nationals who came to the United States to work for GIS as welders and fitters on oil rigs, pursuant to Contracts of Employment they signed in Makati City, Philippines, the terms of which were authorized and approved by the Philippine Overseas Employment Administration ("POEA").

2. These contracts include the Standard Terms and Conditions Governing the Overseas Employment of Filipino Seafarers that incorporate the labor law of the Philippines and which also signed by Plaintiffs.

3. The POEA is the administrative arm that enforces a comprehensive framework of laws in the Philippines governing the overseas employment and protection of Filipino workers. Under the employment contracts signed by Plaintiffs, their exclusive remedy as to **any** claim or dispute involving their employment, is through arbitration in the Philippines before the National Labor Relations Committee ("NLRC"), which has original and exclusive jurisdiction.

4. In their First Amended Complaint, Plaintiffs again allege violations of the Fair Labor Standards Act ("FLSA"), claiming they were not properly paid the minimum wage and overtime under the Act.[5] However, as definitively decided by the U.S. Court of Appeals for the Fifth Circuit and U.S. District Courts in Louisiana, the arbitration provisions incorporated into the standard POEA approved employment contracts are valid and

---

[5] See First Amended Class Action Complaint at ¶¶ 142-149, R. Doc. 19.

must be enforced under The Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The Convention").

5. In an apparent but flawed attempt to circumvent the mandatory arbitration required under an international arbitration treaty, of which the United States and the Philippines are signatories, Plaintiffs have added additional claims, but this attempt is unavailing. Plaintiffs now assert claims pursuant to the Trafficking Victims Protection Act ("TVPA"), claiming violations of Title 18, Chapter 77 of the United States Code: 18 U.S.C. SS 1589, 1590, and 1594(b).[6] Specifically, the Plaintiffs allege the Defendants used physical restraint to force their labor and kept the Defendants locked in a bunkhouse except when using company provided transportation. However, as this court has held, and more recently the Western District of Louisiana, TVPA claims should **also** be arbitrated under the POEA. The Fifth Circuit and Western District of Louisiana have also held that federal policy "favors enforcing arbitration agreements" found in international arbitration agreements.

6. The First Amended Class Action Complaint all alleges Defendants violated the Fair Housing Act ("FHA") by discriminating against Plaintiffs based on race, color, and/or national origin when assigning housing and quarantine accommodations.[7] However, since the housing/living quarters provided by GIS was directly arising from Plaintiffs' employment, it also is subject to the mandatory arbitration.  Likewise, the Eastern District of Louisiana has held that FHA claims are subject to arbitration when binding arbitration agreements are present, as they are in this matter.

---

[6] See First Amended Class Action Complaint at ¶¶ 150-164, R. Doc. 19.
[7] See First Amended Class Action Complaint at ¶¶ 165-170, R. Doc. 19.

3

7. Lastly, ignoring established law, Plaintiffs' First Amended Complaint also seeks a declaratory judgment that the enforceable arbitration provision should not be enforced and that the forum selection for arbitration in the Philippines should be disregarded.[8] However, the Fifth Circuit has held that forum selection clauses in POEA employment contracts require that any causes of action be pursued in the Republic of the Philippines.

8. This Honorable Court is not the proper venue or forum to hear Plaintiffs' claims. Plaintiffs' claims should be dismissed and they should be compelled to submit their claims to an arbitration tribunal in the Philippines, pursuant to the Contracts of Employment and Standard Terms and Conditions they signed, the established law of the Philippines that requires such, and the governing international arbitration treaty which applies to all claims asserted in this matter.

9. In addition to Defendants' Memorandum in Support of Motion to Dismiss and Compel Arbitration, Defendants also offer the following in support of their Motion:

   (a) Declaration of Hecton Lanasse, attached as Exhibit "A";

   (b) Republic of Philippines Passports, attached as Exhibit "B" **[REDACTED]**;

   (c) The Labor Code of the Philippines, Presidential Decree No. 442, attached as Exhibit "C";

   (d) The Migrant Workers and Overseas Filipinos Act of 1995, attached as Exhibit "D";

   (e) POEA Memorandum Circular No. 10, Series of 2010, attached as Exhibit "E";

   (f) 2016 Revised POEA Rules and Regulations Governing the Recruitment and Employment of Seafarers, attached as Exhibit "F";

   (g) POEA Memorandum Circular No. 13, Series of Series of 1983, attached as Exhibit "G";

---

[8] See First Amended Class Action Complaint at ¶¶ 171-176, R. Doc. 19.

(h) Plaintiffs' Contracts of Employment and Standard Terms and Conditions, attached as Exhibit "H";

(i) Judgment, *Calicdan v. M D Nigeria, LLC et al*, 2022 WL 2162645 (W.D. La. June 15, 2022); Report and Recommendation, Calicdan v. M D Nigeria, LLC et al, 2022 WL 2165638 (W.D. La. May, 17, 2022), attached as Exhibit "I";

(j) Declaration of Corlise Colbert, attached as Exhibit "J".

10. Having signed and entered into POEA-approved Contracts of Employment and Standard Terms and Conditions to work as welders and fitters, Plaintiffs cannot pursue their employment-related FLSA claims, TVPA forced labor claims, and FHA discrimination claims in this Court. The arbitration provision, forum selection and choice of law rules within their employment contracts and mandated under Philippine law requires that their claims be brought before an arbitrator or panel of arbitrators in the Philippines. For these reasons, this Court should dismiss Plaintiffs' claims for improper venue, deny their request for declaratory judgment, and compel them to submit their claims before an arbitrator in the Philippines.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ David M. Korn*
DAVID M. KORN (#21676) [T.A.]
STEPHANIE M. POUCHER (#37263)
MARK FIJMAN (#37680)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
david.korn@phelps.com
stephanie.poucher@phelps.com
mark.fijman@phelps.com

**ATTORNEYS FOR DEFENDANTS, GRAND ISLE SHIPYARD, LLC AND GIS, LLC**