UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORTIGUERRA, DONATO MANALILI AGUSTIN, AMADO TRANATE YUZON, CHRISTOPHER ESCALANTE RAYOS, ARVIN BANZON SAN PEDRO, WILFREDO BATONG SATUROS, ROSEL NUFABLE HERNANDEZ, SIEGFRIED TAPIA CARLOS, RENATO ARBOLIDA DECENA, and ISAIAS SANTIAGO DIGLASAN | CIVIL ACTION NO. 22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |
| VERSUS | |
| GRAND ISLE SHIPYARD, LLC and GIS, LLC | |

## DECLARATION OF HECTON LANASSE

STATE OF LOUISIANA
PARISH OF LAFOURCHE

I, Hecton Lanasse, make this Declaration ("Declaration") under the penalty of perjury, pursuant to 28 U.S.C. § 1746, and state as follows:

1. I am an individual over the age of 18 and am competent to testify as to the matters set forth herein.

2. I have personal knowledge, information and belief as to the matters attested to herein.

3. I am the Foreign Labor Coordinator/Contract Specialist for Grand Isle Shipyard, LLC ("GIS"). My work address is 18838 Hwy. 3235, Galliano LA 70354. My duties are to manage and attend to the needs of GIS's foreign workforce. I understand that this Declaration will be used in connection with the above-styled litigation.

4. GIS is a U.S. based oil and gas services company that provides a variety of services to clients in the drilling industry, including construction and repair work on offshore oil rigs



and ships. On occasion, GIS employs temporary foreign workers, such as the Plaintiffs in the above-styled matter.

5. Plaintiffs Victor Cagara Ortiguerra ("Ortiguerra"), Donato Manalili Agustin ("Agustin"), Amado Tranate Yuzon ("Yuzon"), Christopher Escalante Rayos ("Rayos"), Arvin Banzon San Pedro ("San Pedro"),Wilfredo Batong Saturos ("Saturos"), Rosel Nufable Hernandez ("Hernandez"), Siegfried Tapia Carlos ("Carlos"), Renato Arbolida Decena ("Decena") and Isaias Santiago Dinglasan ("Dinglasan") are all citizens of the Republic of the Philippines.

6. Ortiguerra, Yuzon, Rayos, Saturos, Hernandez, Carlos, Decena and Dinglasan were employed by GIS as welders. Agustin and San Pedro were employed by GIS as fitters. Plaintiffs performed duties offshore working on GIS's customer's oil rigs/platforms.

7. To employ Plaintiffs and other temporary foreign workers from the Philippines, GIS is required to comply with the Philippines Labor Code and the Migrant Workers and Overseas Filipinos Act of 1995 (the "MWOFA"). The MWOFA establishes the Philippine Overseas Employment Administration ("POEA") as the administrative arm of the country's overseas employment system.

8. Due to Philippine labor law, foreign employers, such as GIS, are required to use a POEA accredited manning agency for the recruitment and hiring of workers. These manning agencies act as an agent for the employers in the Philippines and help employers satisfy all the legal requirements under Philippine law for employment, including but not limited to the execution of contracts with POEA approval. GIS maintains a relationship with POEA accredited manning agency DNR Offshore and Crewing Services, Inc. ("DNR") to facilitate these requirements and actions in the Philippines.

9. Plaintiffs Ortiguerra, Agustin, Yuzon, Rayos, San Pedro, Saturos, ("Saturos"), Hernandez, Carlos, Decena, and Dinglasan all entered into identical POEA standardized and approved contracts of employment ("Contracts of Employment") to work for GIS as welders and fitters, and also signed the corresponding Standard Terms and Conditions Governing the Overseas Employment of Filipino Seafarers On-Board Ocean-Going Ships ("Standard Terms and Conditions") True and correct copies of the Contracts of Employment and Standard Terms and Conditions are attached to this Declaration as Exhibit "A". Directly arising out of their employment with GIS, all Plaintiffs were also provided housing/living quarters by GIS.

10. The Contracts identify DNR as the Agent, and Grand Isle Shipyard, Inc. as the name of the Principal/Shipowner.

11. Plaintiffs' Contracts incorporate and adopt POEA mandatory standard terms in full. Specifically, Clause 2 states "[t]he terms and conditions in accordance with Governing Board Resolution No. 9, and Memorandum Circular No. 10, both Series of 2010, and Memorandum Circular No. 34, series of 2020 (compliance with the 2018 Amendments to the Maritime Labour Convention 2006) shall be strictly and faithfully observed." (emphasis added). The Contracts are signed by each Plaintiff, signed on behalf of the Employer, and also signed by a representative official of the POEA, who approved each contract.

12. Plaintiffs also signed the Standard Terms and Conditions, which include the Dispute Resolution Procedures in Section 29, which read as follows:

> **SECTION 29. DISPUTE SETTLEMENT PROCEDURES**
>
> In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If the parties are not covered by a collective bargaining agreement, the parties may at

their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission (NLRC), pursuant to Republic Act (RA) 8042 otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995 or to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If there is no provision as to the voluntary arbitrators to be appointed by the parties, the same shall be appointed from the accredited voluntary arbitrators of the National Conciliation and Mediation Board of the Department of Labor and Employment.

The Philippine Overseas Employment administration (POEA) shall exercise original and exclusive jurisdiction to hear and decide disciplinary action on cases, which are administrative in character, involving or arising out of violations of recruitment laws, rules and regulations involving employers, principals, contracting partners and Filipino seafarers.

13. The Standard Terms and Conditions signed by Plaintiffs also include the Applicable Law in Section 31, which reads as follows:

    **SECTION 31. APPLICABLE LAW**

    Any unresolved dispute, claim or grievance arising out of or in connection with this Contract, including the annexes thereof, shall be governed by the laws of the Republic of the Philippines, international conventions, treaties and covenants where the Philippines is a signatory.

14. I certify under penalty of perjury under the laws of the state of the United States of America and that I have read the foregoing Declaration and that it is true and correct to the best of my knowledge, information, and belief. I am signing this Declaration of my own free will, and no one coerced me to do so.

**Signed this 27 day of July 2022.**

*/s/ Hector Lanasse III*
**HECTON LANASSE**