# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORTIGUERRA, ET AL<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO.  2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

## DECLARATION OF VICTOR CAGARA ORTIGUERRA

I, Victor Cagara Ortiguerra, state the following based on personal knowledge.

1. My name is Victor Cagara Ortiguerra. I am 36 years old, and I currently live in Florida.

2. My primary language is Tagalog.

3. My English knowledge is limited to technical terms related to my profession as a welder and very basic language such as greetings.

4. I worked for Grand Isle Shipyard, LLC/GIS, LLC (collectively, "GIS") as a welder for extended periods from 2019 until 2021.

5. I have reviewed pages 1-7 of the "Contract of Employment" and "Standard Terms and Conditions Governing the Overseas Employment of Filipino Seafarers On-Board Ocean-Going Ships" ("Standard Terms") GIS attached to their arbitration motion as Exhibit H.

6. The signature above my name on the "Contract of Employment" is mine.

7. The signatures at the bottom of each page of the Standard Terms document (on the last page, above the line labeled "Seafarer") are mine.

8. I do not specifically remember signing these documents in February or March 2021. If I signed them, it was during our brief orientation at DNR Offshore and Crewing Services, Inc.'s ("DNR") office before we came to the United States to work for GIS.

9. During the orientation, we were required to sign several documents in English. DNR staff rushed me to sign the documents. They did not give me time to read the documents before I signed them.

10. Looking now at paragraph number 2 of the "Employment Contract," (starting with "The herein terms…"), I do not know what it means. I also do not know what paragraph number 3 (starting with "Any alterations or changes…") means.

11. Also, looking now at paragraph 29 of the Standard Terms, the language is far more complicated and technical than the English I can understand. I do not understand that paragraph at all. Even if DNR staff gave me time to read the paragraph during my orientation—which they did not—I would not have been able to understand it.

12. Until GIS filed their arbitration motion in this case, I did not know I had signed a document GIS would claim forced me to arbitrate claims in the Philippines.

13. The "Contract of Employment" document says I was to work on the Thunder Horse platform.

14. During the time period covered by the "Contract of Employment" GIS filed, I do not believe I ever worked on the Thunder Horse. I think I worked on the Atlantis and Blind Faith.

15. The Atlantis and Blind Faith are platforms fixed to the ocean floor. During the time period covered by the "Contract of Employment" GIS filed, and for the entire duration of my

employment at GIS, I only worked on platforms and spars that were fixed to the ocean floor or shallow-water platforms that were constructed onto the seabed. None of the platforms or spars were free-floating or self-propelling.

16. I would often spend long periods of time—sometimes weeks—at the GIS bunkhouse between offshore jobs. I was not allowed to leave the bunkhouse other than in a GIS van. We never lived in the bunkhouse when we were working. We would live and work on the offshore platforms and spars for several weeks and then sit around in the onshore bunkhouse for weeks waiting for our next offshore job.

17. Transportation from the bunkhouse to the platforms and spars almost always took several hours.

18. I currently live in the state of Florida, in the United States. I am in debt, and I have only very limited financial resources.

19. I cannot afford to travel to the Philippines to appear for arbitration in front of the National Labor Relations Commission.

20. I cannot afford to hire a lawyer in the Philippines.

21. Because I escaped the bunkhouse and left GIS, I am worried DNR or GIS will have me arrested, or that I would face other legal consequences. When my friend and co-worker Donato Agustin left GIS, someone from DNR called him and threatened him.

22. I have attached as Ex. VO-1 a true and accurate copy of a "Letter of Guarantee" DNR gave me in late January 2021 and one DNR gave me in late March 2021. A Letter of Guarantee are required for us to enter the United States on our contracts. We show them to airline employees and to United States government officials.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Victor Ortiguerra**
Name

*Victor Ortiguerra* (Aug 22, 2022 07:28 EDT)
Signature

Signed this day: Aug 22, 2022

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORTIGUERRA, ET AL<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO. 2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

## DEKLARASYON NI VICTOR CAGARA ORTIGUERRA

Ako, si Victor Cagara Ortiguerra, ay naghahayag ng mga sumusunod ayon sa aking personal na kaalaman.

1. Ang pangalan ko ay Victor Cagara Ortiguerra. Ako ay 36 na taong gulang, at ako ay kasulukuyang nakatira sa Florida.

2. Ang aking pangunahing lenggwahe ay Tagalog.

3. Ang aking kaalaman sa Ingles ay limitado lamang sa mga salitang teknikal na may kinalaman sa aking propesyon bilang welder at sa mga simpleng lenggwahe tulad ng mga pagbati.

4. Ako ay nagtrabaho para sa Grand Isle Shipyard, LLC/GIS, LLC (o "GIS") bilang isang welder sa iba't ibang panahon mula 2019 hanggang 2021.

5. Nirepaso ko ang mga pahinang 1-7 ng "Contract of Employment" at "Standard Terms and Conditions Governing the Overseas Employment of Filipino Seafarers On-Board

Ocean-Going Ships" ("Standard Terms") na ikinabit ng GIS sa kanilang "arbitration motion" o mungkahi ukol sa pagdinig bilang Exhibit H.

6. Ang pirma sa ibabaw ng aking pangalan sa "Contract of Employment" ay akin.

7. Ang mga pirma sa ibaba ng bawat pahina ng dokumentong "Standard Terms" (on sa huling pahina, sa ibabaw ng linyang nagsasabing "Seafarer") ay akin.

8. Hindi ko partikular na natatandaang pumirma ako sa mga dokumentong ito noong Pebrero o Marso 2021. Kung pinirmahan ko man mga ito, nangyari ito noong aming maikling oryentasyon sa opisina ng DNR Offshore and Crewing Services, Inc. ("DNR") bago kami pumunta sa Estados Unidos upang magtrabaho para sa GIS.

9. Noong aming oryentasyon, kinailangan kaming pumirma sa ilang mga dokumentong nakasulat sa Ingles. Hindi nila kami binigyan ng sapat na oras upang basahin ang mga dokumento bago kami kinailangang pumirma dito.

10. Sa pagbabasa muli ng ikalawang talata ng "Employment Contract," (na nagsisimula sa "The herein terms…"), hindi ko alam ang ibig sabihin nito. Hindi ko rin alam ang ibig sabihin ng ikatlong talata (na nagsisimula sa "Any alterations or changes…").

11. Dagdag pa rito, sa pagbabasa ngayon sa ika-29 na talata ng "Standard Terms," ang lenggwahe nito ay higit na mas komplikado at teknikal kaysa sa Ingles na kaya kong intindihin. Wala akong ni anumang maintindihan sa talata na ito. Kung sakaling binigyan man ako ng istap ng DNR ng oras upang basahin ang talatang ito—na hindi nila ginawa—hindi ko pa rin maiintindihan ito.

12. Hanggang sa pagkakataong nagsampa ang GIS ng "arbitration motion" o mungkahi ukol sa pagdinig, wala akong pagkakaalam na pumirma ako sa isang dokumentong gagamitin ng GIS upang pwersahang dinggin ang aming hiling o kaso sa Pilipinas.

13. Ang dokumentong "Contract of Employment" ay nagsasaad na ako ay magtatrabaho sa Thunder Horse platform.

14. Sa panahong sakop ng "Contract of Employment" na isinumite ng GIS, hindi ako naniniwala nagtrabaho ako sa Thunder Horse TLP. Sa aking pagkakaalam, ako ay nagtrabaho sa Atlantis at Blind Faith.

15. Ang Atlantis at Blind Faith ay mga platform na nakapirmi sa sahig ng karagatan o "ocean floor". Sa panahong sakop ng "Contract of Employment" na isinumite ng GIS, at sa buong panahon ng pagtatrabaho ko para sa GIS, ako ay nagtrabaho lamang sa mga platform at mga spar na nakapirmi sa sahig ng karagatan o sa mga platform sa mababaw na tubig o "shallow water" na nakapirmi sa sahig ng karagatan. Wala sa mga platform o spar na ito ang nakalutang o "free-floating" at gumagalaw o "self-propelling".

16. Madalas akong magpalipas ng mahabang panahon—minsan umaabot ng ilang linggo—sa bunkhouse ng GIS sa pagitan ng mga trabaho sa offshore. Hindi ako pinapayagang umalis ng bunkhouse liban na lang kung sakay ng GIS van. Hindi kami kailanman tumira sa bunkhouse habang nagtatrabaho. Kami ay nakatira at nagtrabaho sa mga offshore platform at mga spar sa loob ng ilang linggo at naka-tigil sa onshore bunkhouse nang ilang linggo habang naghihintay ng susunod na offshore na trabaho.

17. Ang transportasyon mula sa bunkhouse patungo sa mga platform at mga spar ay halos laging umaabot ng ilang oras.

18. Ako ay kasalukuyang nakatira sa estado ng Florida, sa Estados Unidos. Ako ay may utang at may limitadong rekursong pinansyal.

19. Hindi ko kayang magbayad upang makapunta sa Pilipinas para magpakita sa pagdinig sa harap ng National Labor Relations Commission.

20. Hindi ko kayang magbayad upang kumuha ng abogado sa Pilipinas.

3

21. Dahil ako ay tumakas mula sa bunkhouse at iniwan ko ang GIS, ako ay nangangamba na ako ay maaaring ipahuli ng DNR o GIS, o na ako ay kailangang humarap sa ibang kasong ligal. Nang umalis mula GIS ang aking kaibigan at katrabahong si Donato Agustin, may taga-DNR na tumawag at nagbanta sa kanya.

22. Ikinabit ko bilang Ex. VO-1 ang isang totoo at tamang kopya ng "Letter of Guarantee" na binigay ng DNR noong huling bahagi ng Enero 2021 at isang binigay sa akin ng DNR noong huling bahagi ng Marso 2021. Ang "Letter of Guarantee" ay kinakailangan upang kami ay makapasok sa Estados Unidos gamit ang aming mga kontrata. Pinapakita naming ito sa mga empleyado ng mga airline at sa mga opisyal ng Estados Unidos.

Alinsunod sa 28 U.S.C. 1746, ipinapahayag ko sa ilalim ng parusa ng perjury na totoo at tama ang nauuna.

| | |
|---|---|
| Victor Ortiguerra | *Victor Ortiguerra (Aug 22, 2022 07:28 EDT)* |
| Pangalan | Pirma |

Nilagdaan noong (petsa): Aug 22, 2022

4

## CERTIFICATE OF TRANSLATION

I, NAPOLEON PEMPENA, am competent to translate from English into Tagalog. I certify that the attached document with the title "DEKLARASYON NI VICTOR CAGARA ORTIGUERRA" is a true and accurate Tagalog translation of the attached document with the title "DECLARATION OF VICTOR CAGARA ORTIGUERRA."

_____
Napoleon Pempena (Aug 22, 2022 20:39 CDT)
Signature

Aug 22, 2022
_____
Date





DNR Offshore and Crewing Services, Inc.
4Th Floor, G & A Bldg., 2303 Don Chino Roces Ave.
Extension, Makati City, Philippines
Tel. no.: +632 87721135
Website: www.dnroffshore.com

## LETTER OF GUARANTEE

28 JANUARY 2021

To whom it may concern,

Gentlemen:

This will serve as a guarantee to our crew who is joining the vessel THUNDER HORSE at New Orleans on the date indicated in the attached itinerary.

| NAME | POSITION |
|---|---|
| 1. MR. VICTOR C. ORTIGUERRA | WELDER |

— NOTHING FOLLOWS —

We assure that this man will not be a burden to your country and upon his arrival at destination he will be attended to by our agent GRAND ISLE SHIPYARD, INC. 18838 HIGHWAY 3235, GALLIANO, LOUISIANA 70354 USA, CONTACT PERSONS: RICCI OWENSBY, MELISSA BRUCE, DILLON TERREBONNE TEL. NO. (1) (985) 325-3050, which shall make necessary arrangement to convey him onboard the vessel.

In case there will be expenses you may incur due to our agent's failure to attend this man we hereby guarantee payment of the same.

Very truly yours,
DNR OFFSHORE AND CREWING SERVICES, INC.

ULYSES G. BAUTISTA
Crewing Manager



**OFFSHORE CREWING SERVICES, INC**

DNR Offshore and Crewing Services, Inc.
4Th Floor, G & A Bldg., 2303 Don Chino Roces Ave.
Extension, Makati City, Philippines
Tel. no.: +632 87721135
Website: www.dnroffshore.com

## LETTER OF GUARANTEE

27 MARCH 2021

To whom it may concern,

Gentlemen:

This will serve as a guarantee to our crew who is joining the vessel THUNDER HORE at New Orleans on March 29, 2021.

| NAME | POSITION |
|---|---|
| 1. MR. VICTOR C. ORTIGUERRA | WELDER |

Flight Details:

| | |
|---|---|
| 28 MAR NH 0870 MNL / HND | 2:40 PM / 8:00 PM |
| 28 MAR NH 0106 HND / LAX | 10:55 PM / 5:10 PM |
| 29 MAR UA 0725 LAX / IAH | 12:45 AM / 5:57 AM |
| 29 MAR UA 1238 IAH / MSY | 7:45 AM / 8:53 AM |

--- NOTHING FOLLOWS ---

We assure that this man will not be a burden to your country and upon his arrival at destination he will be attended to by our agent GRAND ISLE SHIPYARD, INC. 18838 HIGHWAY 3235, GALLIANO, LOUISIANA 70354 USA, CONTACT PERSONS: RICCI OWENSBY, MELISSA BRUCE, DILLON TERREBONNE TEL. NO. (1) (985) 325-3050, which shall make necessary arrangement to convey him onboard the vessel.

In case there will be expenses you may incur due to our agent's failure to attend this man we hereby guarantee payment of the same.

Very truly yours,
DNR OFFSHORE AND CREWING SERVICES, INC.

ULYSES G. BAUTISTA
Crewing Manager