# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR CAGARA ORTIGUERRA, DONATO MANALILI AGUSTIN, AMADO TRANATE YUZON, CHRISTOPHER ESCALANTE RAYOS, ARVIN BANZON SAN PEDRO, WILFREDO BATONG SATUROS, ROSEL NUFABLE HERNANDEZ, SIEGFRIED TAPIA CARLOS, RENATO ARBOLIDA DECENA, and ISAIAS SANTIAGO DIGLASAN** | **CIVIL ACTION NO. 22-cv-00309**<br><br>**SECTION "J"**<br>**JUDGE CARL J. BARBIER**<br><br>**MAG. DIV. (4)**<br>**MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **VERSUS** | |
| **GRAND ISLE SHIPYARD, LLC and GIS, LLC** | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND COUNTERCLAIM

**NOW INTO COURT,** through undersigned counsel, come Defendants, Grand Isle Shipyard, LLC[1] and GIS, LLC ("GIS" or "Defendants"), and without waiving any rights, claims, privileges or objections, and files the following Answer and Affirmative Defenses in response to the allegations contained in Plaintiff's First Amended Class Action Complaint (the "Complaint") filed by Plaintiffs.  GIS expressly reserves the right to invoke other defenses and assert additional affirmative defenses that are or may become available as this matter progresses through discovery. Defendants deny each and every allegation contained in the Complaint, except those which are hereinafter expressly admitted.  This Answer and Affirmative Defenses also reflects the Court's

---

[1] GIS, LLC owns Grand Isle Shipyard, LLC.  Grand Isle Shipyard, LLC is the actual employer of the Plaintiffs in this matter.

September 26, 2022 ruling on GIS's Renewed Rule 12(b)(3) Motion to Dismiss First Amended Class Action Complaint and Compel Arbitration.[2]

GIS also sets forth its Counterclaim for defamation against Counterclaim Defendants Victor Cagara Ortiguerra, Donato Manalili Agustin, Amado Tranate Yuzon, Christopher Escalante Rayos, Arvin Banzon San Pedro, Wilfredo Batong Saturos, Rosel Nufable Hernandez, Siegfried Tapia Carlos, Renato Arbolida Decena, and Isaias Santiago Dinglasan.

In specific defense of the allegations set forth in Plaintiffs' Complaint, Defendants specifically assert the following affirmative defenses.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively plead that Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, including claims brought on behalf of persons allegedly "similarly situated" to Plaintiffs, by the applicable statute of limitations, and may also be barred, in whole or in part, by applicable administrative and/or statutory requirements.

## THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively plead that all or some of Plaintiffs' claims are not properly before this Court, and such claims are subject to mandatory arbitration in the Republic of the Philippines, subject to contracts of employment signed by Plaintiffs, which were authorized and approved by the Philippine Overseas Employment Administration ("POEA"), and which provides that Plaintiffs  exclusive remedy as to any claim or dispute involving their employment, is through

---

[2] Pacer Docket Entry No. 45 (Order and Reasons).

PD.40084693.1

arbitration before the National Labor Relations Committee ("NLRC"), which has original and exclusive jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

Subject to the Court's September 26, 2022 ruling, Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA") are not properly before this Court and are subject to mandatory arbitration in the Republic of the Philippines.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendants upon which an award of compensatory, punitive or liquidated damages can be granted.

## SIXTH AFFIRMATIVE DEFENSE

This case is inappropriate for treatment as a collective action because Plaintiffs cannot satisfy the requirements for maintenance of a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA") and Plaintiffs are not similarly situated to any purported class members.

## SEVENTH AFFIRMATIVE DEFENSE

This case is inappropriate for treatment as a class action because Plaintiffs cannot satisfy the requirements for maintenance of a class action under Fed. R. Civ. P. 23(a) and 23(b) and Plaintiffs are not similarly situated to any purported class members.

## EIGHTH AFFIRMATIVE DEFENSE

Because liability and/or damages, if any, to each member of the purported class and/or collective group may not be determined by a single jury or on a group-wide basis or on a representative basis, allowing this action to proceed as a collective action would violate Defendants' right under the Seventh and Fourteenth Amendments to the United States Constitution.

3

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot state a claim against Defendants constituting a violation of the FLSA and cannot state a claim upon which overtime can be awarded.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated", are barred, in whole or in part, by the *de minimis* doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead the defense of good faith and affirmatively aver that at all times Defendants acted in good faith, with rational basis, and without any discriminatory, retaliatory, or wrongful intent whatsoever with respect to all employment decisions concerning Plaintiffs.  Defendants further allege that Defendants have not breached any obligations or duties allegedly owed to Plaintiffs, to the extent any exist under applicable laws and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs, and any potential opt-in plaintiffs, if any, are not entitled to liquidated damages under 29 U.S.C.§ 260 since, at all times relevant and material hereto, Defendants acted in good faith, had reasonable grounds for believing that they did not violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., and Defendants did not willfully fail to pay overtime compensation to Plaintiffs or any persons allegedly "similarly situated" to Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish that Defendants acted "willfully" as that term is defined in the FLSA.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any alleged FLSA violations, which are expressly denied, were not willful and thus subject to a two-year statute of limitations.

4

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively assert all applicable exemptions to overtime under the FLSA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Even if Plaintiffs sustained and were entitled to damages under the FLSA, which are expressly denied, Defendants are entitled to set-offs and/or offsets for any overpayment of wages paid to Plaintiffs, or for any compensation to which Plaintiffs were not legally entitled.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, including their claims brought on behalf of persons allegedly "similarly situated", are barred, in whole or in part, to the extent they include time that is not compensable under applicable law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent the Court may permit any proposed class action or collective action to go forward, and Plaintiffs are authorized to act as representatives, Defendants hereby specifically reserve the right to file and assert any and all additional affirmative defenses that may apply to additional opt-in plaintiffs, based on knowledge and/or information to justify a belief therein.

**NINETEENTH AFFIRMATIVE DEFENSE**

Even if Plaintiffs and any potential opt-in Plaintiffs sustained damages, which are specifically denied, Defendants aver that Plaintiffs failed to make reasonable efforts to mitigate their alleged damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs and any potential opt-in Plaintiffs, if any, do not have standing to assert a claim under the Trafficking Victims Protection Act ("TVPA").

5

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and any potential opt-in Plaintiffs, if any, fail to state a claim under the civil remedies provisions of the TVPA and are not entitled to actual or punitive damages or attorney's fees under the TVPA.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs routinely left their work in the United States to return home to the Philippines and then voluntarily returned, indicating acceptance of their housing arrangements and of other terms of employment which evidence defeats their TVPA claims and Fair Housing Act ("FHA") claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs at all times voluntarily consented to the terms and conditions of their employment including their housing arrangements, and were at no time subjected to force, threats, physical restraint, threats of physical restraint, serious harm or threats of serious harm, or abuse or threatened abuse of law or legal process.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have not been certified as victims under the TVPA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants did not knowingly obtain or utilize Plaintiffs' employment in violation of the TVPA and did not benefit from any alleged violation of the TVPA.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs and any potential opt-in Plaintiffs, if any, do not have standing to assert a claim under the FHA.

PD.40084693.1

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and any potential opt-in Plaintiffs, if any, fail to state a claim under the FHA and are not entitled to actual or punitive damages or attorney's fees under the FHA.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot make out a *prima facie* case of discrimination.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively deny that any of Defendants' policies or procedures insofar as they related to Plaintiffs, were motivated by Plaintiffs' race, national origin, or any other protected characteristic.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants aver that neither race, national origin, nor disparate treatment played a role in any actions regarding Plaintiffs.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively deny that Plaintiffs were adversely affected at any time in their employment because of race, national origin, or any other protected characteristic.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively deny that Plaintiffs were discriminated against or treated differently than other employees because of race, national origin, or any other protected characteristic at any time.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively aver that they had legitimate, non-discriminatory business reasons with respect to all employment actions involving Plaintiffs.

PD.40084693.1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendants aver that they do not have a policy, practice, or custom of discriminating against employees on any basis.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that at all times pertinent to the claims in Plaintiffs' Complaint, Defendants had adequate workplace policies with respect to equal employment opportunities in the workplace, discrimination, and harassment, and that these policies provided avenues through which aggrieved employees might make complaints of alleged harassment, discrimination, or retaliation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively deny that they or any of their agents or assignees harassed or discriminated against Plaintiffs.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that they exercised reasonable care to prevent any alleged discriminatory conduct and to promptly correct and eliminate it when it might occur; further, Plaintiffs failed to exercise reasonable care to take advantage of Defendants preventive and corrective safeguards and to otherwise prevent harm that could have been avoided.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that the reasons for any employment actions concerning Plaintiffs were not a pretext for discrimination.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that they took appropriate action to investigate and resolve any workplace issue submitted by Plaintiffs.

PD.40084693.1

## FORTIETH AFFIRMATIVE DEFENSE

Defendants affirmatively deny that Plaintiffs sustained any damages as a result of any alleged discriminatory action by any of their employees, which alleged acts are expressly denied, and further Plaintiffs are not entitled to recover any alleged damages because they are uncertain, contingent, and speculative.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims, and the claims of potential opt-in Plaintiffs, if any, are barred by preemption and by the doctrine of laches, waiver and estoppel.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively aver that Plaintiffs are not entitled to any legal, equitable, declaratory, or monetary relief, including, but not limited to, compensatory damages, back pay, front pay, punitive damages, and attorneys' fees and that Plaintiffs are not entitled to any other relief from Defendants.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs improperly abandoned their jobs without just cause.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to fully perform their agreed to contractual terms with or on behalf of those Defendants with whom they had entered into a contract and are in breach of contract.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Any alleged damage suffered by Plaintiffs is due, in part or in whole, to Plaintiffs' own comparative and/or contributory fault and negligence.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims are barred by the Unclean Hands Doctrine.

PD.40084693.1

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under FED. R. CIV. P.8(c) and FED. R. CIV. P. 12(b).

## ANSWER

**AND NOW,** further answering the specific enumerated allegations in Plaintiffs' Complaint, Defendants aver as follows:

Defendants admit that Plaintiffs have filed the instant Complaint, asserting purported claims individually and on behalf of others similarly situated, but denies there is any basis to Plaintiffs' claims against Defendants and deny any and all remaining allegations against Defendants contained in the un-numbered Paragraph of the Complaint beginning with "NOW INTO COURT . . ." and ending with "allege as follows."

## I.      PRELIMINARY STATEMENT

1.      Defendants admit Plaintiffs are welders and/or fitters from the Republic of the Philippines who performed work for Grand Isle Shipyard, LLC pursuant to enforceable contracts of employment, properly authorized and approved by the POEA and signed by Plaintiffs. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit that between offshore work assignments, Plaintiffs would be housed at the GIS Logistics Center located in Galliano, Louisiana.  Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit that during the COVID-19 pandemic, Plaintiffs and others were properly quarantined on moored workboats with fully equipped crew quarters and were provided

with medically advised care in accordance with CDC guidelines.  Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.       Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.       The allegations contained in Paragraph 5 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint and expressly deny any violation of statutory law.

6.       The allegations contained in Paragraph 6 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint and expressly deny any violation of statutory law.

7.       Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.       Defendants deny the allegations contained in Paragraph 8 of the Complaint, and deny that Plaintiffs are entitled to a declaratory judgment on issues of arbitrability.  Subject to the Court's September 26, 2022 ruling, Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA") are not properly before this Court and are subject to mandatory arbitration in the Republic of the Philippines.

## II.       JURISIDICTION AND VENUE

9.       Pursuant to the Court's September 26, 2022 ruling, Defendants deny there is jurisdiction over Plaintiffs' FLSA claims, which are properly subject to mandatory arbitration in the Republic of the Philippines.  The allegations contained in Paragraph 9 of Plaintiffs' Complaint set forth the jurisdictional basis of the suit and require no response on the part of Defendant.

However, to the extent that Plaintiffs maintains that the cited statutes entitle him to relief or that Defendants are liable to Plaintiffs under statutory law, those allegations are expressly denied.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that venue is proper with this Court, other than as to Plaintiffs' FLSA claims, which the Court has determined are properly subject to mandatory arbitration in the Republic of the Philippines.

### III.   PARTIES

12. Defendants admit that the identified Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2019, 2020 and 2021. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the Complaint, and accordingly, deny same.

13. Defendants admit a referenced document is attached to the Complaint as Exhibit A, but deny any remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit that this Plaintiff performed work as a fitter for GIS under POEA authorized and approved contracts of employment at different times in 2018, 2019 and 2020. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 of the Complaint, and accordingly, deny same.

15. Defendants admit a referenced document is attached to the Complaint as Exhibit B, but deny any remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that this Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2017, 2018, 2019, 2020 and 2021. Defendants are without knowledge sufficient to form a belief as to the truth or

falsity of the remaining allegations contained in Paragraph 16 of the Complaint, and accordingly, deny same.

17.     Defendants admit a referenced document is attached to the Complaint as Exhibit C, but deny any remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that this Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2019 and 2021. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of the Complaint, and accordingly, deny same.

19.     Defendants admit a referenced document is attached to the Complaint as Exhibit D, but deny any remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit that this Plaintiff performed work as a fitter for GIS under POEA authorized and approved contracts of employment at different times in 2018, 2019, 2020 and 2021. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of the Complaint, and accordingly, deny same.

21.     Defendants admit a referenced document is attached to the Complaint as Exhibit E, but deny any remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit that this Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2018, 2019 and 2020.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 21 of the Complaint, and accordingly, deny same.

23.     Defendants admit a referenced document is attached to the Complaint as Exhibit F, but deny any remaining allegations contained in Paragraph 23 of the Complaint.

PD.40084693.1

24.     Defendants admit that this Plaintiff performed work as a fitter and welder for GIS under POEA authorized and approved contracts of employment at different times in 2017, 2018, 2019, 2020, 2021 and 2022.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 24 of the Complaint, and accordingly, deny same.

25.     Defendants admit a referenced document in the Complaint was docketed with the Court, but deny any remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit that this Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2018, 2019, 2020, 2021 and 2022.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26 of the Complaint, and accordingly, deny same.

27.     Defendants admit a referenced document in the Complaint was docketed with the Court, but deny any remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit that this Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2017, 2018, 2019, 2020, and 2021.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of the Complaint, and accordingly, deny same.

29.     Defendants admit a referenced document in the Complaint was docketed with the Court, but deny any remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit that this Plaintiff performed work as a welder for GIS under POEA authorized and approved contracts of employment at different times in 2018, 2019, 2020,

PD.40084693.1

2021 and 2022.  Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of the Complaint, and accordingly, deny same.

31.     Defendants admit a referenced document in the Complaint was docketed with the Court, but deny any remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, and accordingly, deny same.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint, and accordingly, deny same.

35.     The allegations contained in Paragraph 35 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     The allegations contained in Paragraph 37 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants admit the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit Grand Isle Shipyard, LLC is an oil and gas services company that provides a variety of services to clients in the drilling industry, including construction and repair work on offshore oil rigs and ships and that while onshore, it houses employees at the GIS Logistics

Center located in Lafourche Parish, Louisiana, but denies the remaining allegations contained in Paragraph 39 of the Complaint as stated.

40.     Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit GIS maintains and repairs oil rigs in the Gulf of Mexico.  Due to apparent typographic errors, Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43 of the Complaint, and accordingly, deny same.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint as stated.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint as stated.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint as stated.

47.     The allegations contained in Paragraph 47 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  Pursuant to the Court's September 26, 2022 ruling, Plaintiffs' FLSA allegations are not properly before this Court. To the extent any response is required, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  Pursuant to the Court's September 26, 2022 ruling, Plaintiffs' FLSA allegations are not properly before this Court.

16

To the extent any response is required, Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     The allegations contained in Paragraph 49 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  Pursuant to the Court's September 26, 2022 ruling, Plaintiffs' FLSA allegations are not properly before this Court. To the extent any response is required, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     The allegations contained in Paragraph 50 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  Pursuant to the Court's September 26, 2022 ruling, Plaintiffs' FLSA allegations are not properly before this Court. To the extent any response is required, Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     The allegations contained in Paragraph 51 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  Pursuant to the Court's September 26, 2022 ruling, Plaintiffs' FLSA allegations are not properly before this Court. To the extent any response is required, Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     The allegations contained in Paragraph 52 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     The allegations contained in Paragraph 53 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     The allegations contained in Paragraph 54 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 54 of the Complaint.

## IV.     FACTUAL BACKGROUND

55.     The allegations contained in Paragraph 55 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     The allegations contained in Paragraph 56 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     The allegations contained in Paragraph 57 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     The allegations contained in Paragraph 58 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     The allegations contained in Paragraph 59 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no

PD.40084693.1

response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     The allegations contained in Paragraph 60 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     The allegations contained in Paragraph 61 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     The allegations contained in Paragraph 62 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     The allegations contained in Paragraph 63 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     The allegations contained in Paragraph 64 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 64 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To

the extent any response is required, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     The allegations contained in Paragraph 65 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     The allegations contained in Paragraph 67 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     The allegations contained in Paragraph 68 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     The allegations contained in Paragraph 71 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint, including subparts a-b.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint, including subparts a-b.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint, including subparts a-d.

79.      Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants admit Hurricane Ida made landfall near Port Fourchon, Louisiana, on August 29, 2021, as a Category 4 Hurricane. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 80 of the Complaint, and accordingly, deny same.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

PD.40084693.1

86.     Defendants admit the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint. Filipino and non-Filipino workers were both equally free to come and go from the  GIS Logistics Center.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint. Neither Filipino nor non-Filipino workers were subject to the alleged conduct.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     The allegations contained in Paragraph 93 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 93 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 94 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 94 of the Complaint.

## UNENFORCEABLE ARBITRATION PROVISIONS

95.     The allegations contained in Paragraph 95 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.     Defendants admit, subject to the applicable law of the Republic of the Philippines, which Defendants are required to comply with, Plaintiffs and other Filipino workers are required to enter into contracts of employment properly authorized and approved by the POEA in order to work for GIS. Defendants deny the remaining allegations contained in Paragraph 96 of the Complaint.

97.     Defendants admit the POEA authorized and approved contracts of employment are for specific periods of time.   Defendants deny the remaining allegations contained in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants admit the allegations contained in Paragraph 99 of the Complaint and further aver that the terms of the POEA authorized and approved contracts of employment are also translated and explain to workers in their native language.

100.    Defendants admit that Plaintiffs speak Tagalog but Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 100 of the Complaint, and accordingly, deny same.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

PD.40084693.1

103.     Defendants admit the POEA authorized and approved contracts of employment specify "Name of Vessel" and "Type of Vessel".  Defendants deny the remaining allegations contained in Paragraph 103 of the Complaint.

104.     Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 104 of the Complaint, and accordingly, deny same.

105.     The allegations contained in Paragraph 105 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.     The allegations contained in Paragraph 106 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.     The allegations contained in Paragraph 107 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.     Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.     The allegations contained in Paragraph 109 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.     Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    The allegations contained in Paragraph 113 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    The allegations contained in Paragraph 114 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

116.    The allegations contained in Paragraph 116 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 116 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    The allegations contained in Paragraph 117 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 117 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    The allegations contained in Paragraph 118 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 118 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    The allegations contained in Paragraph 119 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 119 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    The allegations contained in Paragraph 120 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 120 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.    The allegations contained in Paragraph 121 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. The allegations contained in Paragraph 121 of the Complaint also relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required.

PD.40084693.1

To the extent any response is required, Defendants deny the allegations contained in Paragraph 121 of the Complaint.

## RULE 23 CLASS ALLEGATIONS

122.    The allegations contained in Paragraph 122 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    The allegations contained in Paragraph 123 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    The allegations contained in Paragraph 124 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    The allegations contained in Paragraph 125 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 125 of the Complaint.

### *Numerosity*

126.    The allegations contained in Paragraph 126 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    The allegations contained in Paragraph 127 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 127 of the Complaint.

PD.40084693.1

## *Existence and Predominance of Common Questions*

128.     The allegations contained in Paragraph 128 of the Complaint, including subparts a-f, contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 128 of the Complaint, including subparts a-f.

129.     The allegations contained in Paragraph 129 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 129 of the Complaint.

## *Typicality*

130.     Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.     Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.     Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.     The allegations contained in Paragraph 135 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.     Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.     Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.     Defendants deny the allegations contained in Paragraph 138 of the Complaint.

## *Superiority*

139.     Defendants deny the allegations contained in Paragraph 139 of the Complaint, including subparts a-g.

PD.40084693.1

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint, including subparts a-c.

### *Claim for Declaratory Relief*

141.    Defendants admit that Plaintiffs are properly subject to mandatory arbitration in the Philippines as to their asserted claims and in accord with the Court's September 26 ruling, but deny any remaining allegations contain in Paragraph 141 of the Complaint.

## V.    CAUSE OF ACTION

### COUNT 1

### Violations of the FLSA

142.    Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing paragraphs 1-141 of the Complaint in response to Paragraph 142 of the Complaint.

143.    The allegations contained in Paragraph 143 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    The allegations contained in Paragraph 144 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    The allegations contained in Paragraph 145 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which

no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.     The allegations contained in Paragraph 146 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.     The allegations contained in Paragraph 147 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.     The allegations contained in Paragraph 148 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.     The allegations contained in Paragraph 149 of the Complaint relate to claims that are not before this Court and not at issue pursuant to the Court's September 26, 2022, and to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 149 of the Complaint.

## COUNT 2

### Violations of the Trafficking Victims Protection Act

150.     Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing paragraphs 1-149 of the Complaint in response to Paragraph 150 of the Complaint.

PD.40084693.1

151.    The allegations contained in Paragraph 151 of the Complaint contain purported statements of law and/or legal conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    Defendants admit they lawfully recruited and employed Plaintiffs through an authorized Filipino manning company in accordance and compliance with the laws of the Republic of the Philippines and subject to POEA authorized and approved contracts of employment. Defendants deny any remaining allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint, including subparts a-g.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint, including subparts a-e.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint, including subparts a-c.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

PD.40084693.1

**COUNT 3**

**Fair Housing Act Violations**

165.    Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing paragraphs 1-164 of the Complaint in response to Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

**COUNT 4**

**Declaratory Judgment With Respect to Arbitrability**

171.    Defendants repeat and incorporate by reference each and every defense, admission, and denial made to the foregoing paragraphs 1-170 of the Complaint in response to Paragraph 171 of the Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

**VI.    DEMAND FOR TRIAL BY JURY**

177.    Defendants admit Plaintiffs have requested a trial by jury but deny there is any factual or legal basis to Plaintiffs' claims against Defendants or that Plaintiffs are entitled to any

damages or other relief.

## VII.    PRAYER FOR RELIEF[3]

178.    Defendants deny Plaintiffs are entitled to any of the relief requested in the un-numbered Paragraph of the Complaint beginning with "Wherefore, Plaintiffs and other" and ending with "Court finds just, including subparts a-k, and further deny that Plaintiff is entitled to relief of any type.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint and award Defendants costs, expenses, attorneys' fees and any other relief that is warranted or the Court deems proper.

### GIS'S COUNTERCLAIM FOR
### DAMAGES AGAINST COUNTERCLAIM DEFENDANTS VICTOR CAGARA ORTIGUERRA, DONATO MANALILI AGUSTIN, AMADO TRANATE YUZON, CHRISTOPHER ESCALANTE RAYOS, ARVIN BANZON SAN PEDRO, WILFREDO BATONG SATUROS,ROSEL NUFABLE HERNANDEZ,SIEGFRIED TAPIA CARLOS, RENATOARBOLIDA DECENA, AND ISAIAS SANTIAGO DIGLASAN

**AND NOW**, assuming the position of Counterclaim Plaintiffs, Grand Isle Shipyard, LLC and GIS, LLC ("Counterclaim Plaintiffs" or "GIS"), assert the following Counterclaim against Counterclaim Defendants Victor Cagara Ortiguerra ("Ortiguerra"), Donato Manalili Agustin ("Agustin"), Amado Tranate Yuzon ("Yuzon"), Christopher Escalante Rayos ("Rayos"), Arvin Banzon San Pedro ("San Pedro"),Wilfredo Batong Saturos ("Saturos"), Rosel Nufable Hernandez ("Hernandez"), Siegfried Tapia Carlos ("Carlos"), Renato Arbolida Decena ("Decena") and Isaias Santiago Dinglasan ("Dinglasan") for defamation and seek actual and punitive damages as follows:

---

[3] In Plaintiffs' First Amended Class Action Complaint, the Prayer for Relief is misnumbered as Section "V" in an apparent typographic error. In Defendants' Answer and Affirmative Defenses, the Prayer for Relief is correctly numbered as Section "VII".

## PARTIES

1.      Counterclaim Plaintiffs  are Grand Isle Shipyard, LLC and GIS, LLC ("GIS" or "Defendants").

2.      Counterclaim Plaintiff Grand Isle Shipyard, LLC is a Louisiana Limited Liability Company domiciled in Galliano, Louisiana and headquartered at 18838 Highway 3235, Galliano, LA 70354, in the Eastern District of Louisiana.

3.      Counterclaim Plaintiff GIS, LLC is a Washington Limited Liability Company registered with the Louisiana Secretary of State as a Foreign Limited Liability Company. GIS's principal business office is 18838 Highway 3235, Galliano, LA 70354, in the Eastern District of Louisiana.

4.      Counterclaim Defendant Ortiguerra is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the  Philippine Overseas Employment Administration ("POEA").

5.      Counterclaim Defendant Agustin is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a fitter by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the  POEA.

6.      Counterclaim Defendant Yuzon is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a  welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the  POEA.

PD.40084693.1

7.      Counterclaim Defendant Rayos is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the POEA.

8.      Counterclaim Defendant San Pedro is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a fitter by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the  POEA.

9.      Counterclaim Defendant Saturos is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the POEA.

10.     Counterclaim Defendant Dinglasan is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a welder and fitter by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the POEA.

11.     Counterclaim Defendant Decena is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the POEA.

12.     Counterclaim Defendant Hernandez is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously

PD.40084693.1

employed as a welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the POEA.

13.     Counterclaim Defendant Carlos is a citizen of the Republic of the Philippines, and on information and belief, is currently a resident of the State of Florida.  He was previously employed as a welder by Grand Isle Shipyard, LLC in the State of Louisiana under multiple contracts of employment authorized and approved by the POEA.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction and venue is proper in the Eastern Division of Louisiana. This Court has personal jurisdiction over Counterclaim Plaintiffs and Counterclaim Defendants.

## FACTS

15.     Grand Isle Shipyard, LLC is a U.S. based oil and gas services company that provides a variety of services to clients in the drilling industry, including construction and repair work on offshore oil rigs and ships.  GIS, LLC owns Grand Isle Shipyard.

16.     On occasion, Grand Isle Shipyard, LLC employs temporary foreign workers, such as Counterclaim Defendants Ortiguerra, Agustin, Yuzon, Rayos, San Pedro, Saturos, Hernandez, Carlos, Decena, and Dinglasan.  Counterclaim Defendants are all citizens of the Republic of the Philippines and performed work for Defendants as welders and fitters.

17.     To employ workers from the Republic of the Philippines, GIS is required to comply with a comprehensive framework of laws governing the employment of Filipinos overseas, the objective of which is to protect the rights of Filipino workers.   In their employment of foreign workers from the Republic of the Philippines, Defendants are required to comply with these laws.

36

18.     The Philippines Labor Code mandates that the hiring of Filipino workers must be done through the Oversea Employment Development Board ("OEDB"), and employers such as GIS are prohibited from hiring workers directly. Foreign employers are required to use a POEA accredited manning agency for the recruitment and hiring of workers. These manning agencies act as an agent for the employers in the Philippines and help employers satisfy all the legal requirements under Philippine law for employment, including but not limited to the execution of contracts with POEA approval.

19.     GIS maintains a relationship with POEA accredited manning agency DNR Offshore and Crewing Services, Inc. ("DNR") to facilitate these requirements and actions in the Philippines.

20.     As part of the Philippines' labor law, the Migrant Workers and Overseas Filipinos Act of 1995 (the "MWOFA") was enacted to protect overseas workers from abuse. Section 10 of the MWOFA mandates that the Labor Arbiters of the NLRC shall have exclusive jurisdiction of **all** claims involving Filipino overseas workers (not just seafarers) and spells out the provisions of the mandatory arbitration that must occur in the Republic of the Philippines.

21.     On multiple occasions, Counterclaim Defendants entered into POEA authorized and approved contracts of employment to perform work for Grand Isle Shipyard, LLC in the United States, including but not limited to periods during 2021.

22.     At the time Counterclaim Defendants entered into each contract of employment, and prior to leaving the Philippines for the United States, they underwent orientation/training sessions offered in Tagalog by DNR, during which the terms and conditions of the contract of employment were fully explained in their native language, including the separate Standard

Terms and Conditions Governing the Overseas Employment of Filipino Seafarers On-Board Ocean-Going Ships ("Standard Terms").

23.     During Counterclaim Defendants' multiple contracts of employment working for GIS, in between their offshore work assignments, Counterclaim Defendants were housed at the GIS Logistics Center located in Galliano, Louisiana.  The Logistics Center was also known as the "Bunkhouse", and in addition to the Filipino workforce and other foreign workers, it would also house GIS employees awaiting crew changes from offshore vessels, employees working locally in the fabrication yard and other employees needing housing.

24. The GIS Logistics Center has the capacity to house up to 200 residents. The total number of persons housed in the facility at any given time generally ranges from 75-160 individuals, with GIS' foreign workforce making up anywhere from twenty to fifty percent of those housed in the GIS Logistics Center, including GIS' Filipino employees.  The accommodations provided are equal for all workers with no consideration of race, color, and/or national origin.

25.     One hall of the Logistics Center is outfitted to with features to accommodate GIS' Filipino workforce who are living far from home.  This includes a designated TV room that airs Filipino TV shows in their native language.  A weight room, and a game room is also available for their leisure.  The Logistics center also provides Wi-Fi to allow for all workers, including the Filipino workers, to communicate with their families overseas or within the United States.

26.     In regards to food distribution at the Distribution Center, meals are served three times per day to all residents at designated times. Food is prepared daily and each resident may go through the line a minimum of two times per meal, per day.

27.     A reverse osmosis water purification system is used throughout the Logistics Center. The hydration system is regularly serviced by a third party vendor, which is responsible for maintaining the unit, keeping it functional and changing the filters as needed. This drinking system is equally available to all workers, including Filipino and non-Filipino workers, and is centrally located in various areas for easy access for all workers.

28.     All workers, including GIS' Filipino workers and temporary residents at the GIS Logistics Center, are afforded freedom of movement, unless there are safety or security issues that threaten their health, safety and/or well-being.  Doors are locked at 10pm and unlocked at 4am the ensure the safety of GIS' night workers. All doors are equipped with panic bars that allow residents to exit at any time. Thus, between the hours of 10pm and 4am when the doors are locked from the inside, anyone is able to leave the facility; stated otherwise, the locks prevent ingress, not egress.

29.     All workers are free to come and go as often as they wish, as long as it is in compliance with GIS' Corporate Housing Policy, which applies uniformly to all residents.

30.     Because the Filipino workers do not locally own personal vehicles, and the community in which the Center is situated does not offer public transportation services at or within walking distance from the Center, GIS provides transportation (a 12-passenger van) to and from select locations for shopping multiple times per week.  While at the Logistics Center, all workers were free to make other private transportation arrangements, and would do so.

31.     Grand Isle Shipyard, LLC employs a Worker Welfare Representative who speaks Tagalog and regularly resides at the Logistics Center. This position was installed as part of the GIS Worker Welfare program to ensure GIS' foreign workers had a liaison to handle any immediate issues and escalate any grievances in a confidential manner.

PD.40084693.1

32.    At all times, including the periods when Counterclaim Defendants were living in the Logistics Center, the Center's  operations followed all applicable CDC guidelines.  When temperature mandates are in place, every person who enters the facility has a mandatory temperature check taken upon entry.

33.    Due to the communal living quarters in the Logistics Center, it was impossible to allow any employee testing positive for COVID to remain in the Center and quarantine there.  To allow otherwise would be to willingly risk the safety and well-being of all residents and staff members.

34.    In regards to Defendants' quarantine protocol, employees that lived locally and tested positive were given the option to go to a GIS-provided quarantine site or to self-quarantine at home.  Early in the pandemic, Defendants were able to briefly house some quarantined workers in a local hotel, but subsequently, hotels in GIS' regional generally prohibited entry and lodging for anyone who presenting with any COVID-related symptoms.  In 2020,

35.    Defendants' foreign workers, including Filipino workers, did not have local personal homes to reside in during their required quarantine periods.

36.    For Filipino workers diagnosed with COVID-19, or other employees without a local personal home in which to quarantine, Defendants provided accommodations on dedicated houseboats and vessels to ensure all CDC guidelines were followed and for all such workers to quarantine safely.  The houseboats and vessels that workers were quarantined on have fully stocked kitchens, bedrooms, and bathrooms.  Breakfast, lunch and dinner for workers was delivered by Defendants to all such quarantine sites.  These were the same meals available at the Logistics Center, but plastic wrapped for sanitary delivery.  Additional snack options

40

were provided at the quarantining employee's request. Eventually, instead of providing whatever meals were being prepared at the Logistics that day to those in quarantine, those in quarantine began compiling grocery lists of the items they would prefer to eat, which GIS fulfilled for them.

37.     All workers in quarantine were provided full access to necessary medical treatment. GIS' on-site clinic physician routinely visited those in quarantine, dispensing medicine and monitoring symptoms.

38. GIS places Wi-Fi hotspot devices in all quarantine sites to allow all quarantining workers to communicate with their family as well as with GIS' designated staff and medical team.

39.     During the terms of their last POEA authorized and approved contracts of employment, Counterclaim Defendants breached their contracts and abandoned their employment.

40.     On June 28, 2022, Counterclaim Defendants filed a First Amended Class Action Complaint in the United States District Court for the Eastern Division of Louisiana in Civil Action Number 2:22-cv-00309-CJB-KWR.

41.     In Counterclaim Defendants' First Amended Class Action Complaint, they assert false and defamatory claims of human trafficking against Counterclaim Plaintiffs, including claims of: (1)  forced labor, (2) trafficking for forced labor, (3) attempt and conspiracy to commit forced labor and trafficking for forced labor pursuant to the Trafficking Victims Protection Act ("TVPA).

42.     Counterclaims Defendants' First Amended Class Action Complaint also asserts false and defamatory claims against Counterclaim Plaintiffs, alleging that GIS discriminated

41

against Plaintiffs and other Filipino workers on the basis of the workers' race, color and/or national origin, in violation of the Fair Housing Act ("FHA").

43.     These false statements against Counterclaim Plaintiffs constitute defamation under Louisiana law.  Because the TVPA and FHA provide for criminal prosecution, the false and defamatory allegations of Counterclaim Defendants against Counterclaim Plaintiffs also constitute defamation *per se* under Louisiana law.

44.     The false and defamatory statements made by Counterclaim Defendants against Counterclaim Plaintiffs falsely allege Counterclaim Plaintiffs committed the following acts against Counterclaim Defendants and other Filipino workers: (a) physical restraint; (b) serious harm, including financial harm, psychological harm, and reputational harm; (c) threats of physical restraint; (d) threats of serious harm, including financial harm, psychological harm, and reputational harm; (e) abuse of legal process; (f) threatened abuse of legal process; and (g) a scheme, plan, or pattern intended to cause Counterclaim Defendants and other Filipino workers to believe that, if they did not perform such labor or services, they or another person would suffer serious harm, including financial, psychological, and reputational harm, as well as physical restraint.

45.     Specific false and defamatory statement made against Counterclaim Defendants by Counterclaims Defendants include, but are not limited to the following:

a.   Forced Plaintiffs and other B-1 workers to live at a bunkhouse they were not allowed to leave except for work or with a GIS driver, and where they were not allowed to have visitors;

b.   Forced Plaintiffs and other B-1 workers, when infected with COVID-19, to live in overcrowded, dangerous, and isolated conditions causing psychological deterioration and harm;

c.   Threatened B-1 workers with deportation, blacklisting, civil action, and criminal prosecution to prevent [Counterclaim Defendants] and other B-1 workers from leaving their employment with [Counterclaim Plaintiffs];

d.   Discriminated against [Counterclaim Defendants]  and other B-1 workers in the terms, conditions, or privileges of rental of the bunkhouse and quarantine vessels, and in the provision of services or facilities in connection therewith, because of [Counterclaim Defendants'] and other B-1 workers' race, color, and/or national origin;

e.   Imposing adverse rules on the [Counterclaim Defendants] and other B-1 workers, including not permitting them to leave [Counterclaim Plaintiffs'] bunkhouse without a GIS escort, forcing them to quarantine in poor conditions on vessels, and subjecting them to pervasive verbal abuse—to which workers of different race, color, and/or national origin were not similarly subjected;

f.   GIS not provide the quarantined workers with sufficient food;

g.   GIS denied medical treatment and care to quarantined workers;

h.   The Filipino workers were prohibited from getting rides with non-Filipino workers, using taxi services, or walking away from the bunkhouse.

i.   Subjecting [Counterclaim Defendants and Filipino workers] to pervasive verbal abuse;

PD.40084693.1

j.   That Defendants abandoned and failed to evacuate Counterclaim Defendants and other Filipino workers during Hurricane Ida on the basis of race, color, national origin discrimination but evacuated non-Filipino workers before the storm.

46.    These and other statements by Counterclaim Defendants are demonstrably false.

47.    At the time these and other unprivileged false and defamatory statements concerning Counterclaim Plaintiffs were made, Counterclaim Defendants acted with malice and knew the allegations against Counterclaim Plaintiffs to be false and/or acted with reckless disregard as to the truth or falsity of the allegations.  These outrageous allegations were maliciously fabricated by Counterclaim Defendants with the intent to damage Counterclaim Plaintiffs and their reputation.  Because the defamatory statements impute the commission of crimes, Counterclaim Defendants malice is implied.

48.    These false and defamatory allegations were published by Counterclaim Defendants to this Court and to the general public by the filing of their First Amended Class Action Complaint into the public records.  Additional unprivileged re-publication of the false and defamatory statements of Counterclaim Defendants has also taken place in non-judicial sources.

49.    The false and defamatory allegations by Counterclaim Defendants that Counterclaim Plaintiffs have engaged in human trafficking and discriminatory housing have caused damage to Counterclaim Plaintiffs by exposing them to contempt and ridicule and lowering their reputations in the estimation of the business and general community. Furthermore, these allegations have caused pecuniary losses by damaging their professional reputations and by causing third parties to refrain from dealing with them.  Because the false

and defamatory statements impute the commission of crimes, the damages suffered by Counterclaim Plaintiffs are presumed.

50.     In addition to being false and defamatory, certain statements by Counterclaim Defendants also constitute a deliberate fraud upon the Court. In Paragraphs 82-84 of Counterclaim Defendants' First Amended Class Action Complaint, Counterclaim Defendants expressly represent that Counterclaim Defendants Carlos and Dinglasan were in the GIS Logistics Center on August 29, 2021 when Hurricane Ida made landfall, as well as for a two week period after landfall, and were subjected to purported deprivations they attribute to Counterclaim Defendants.

51.     However, these allegations are deliberate and demonstrable fabrications presented to the Court by Counterclaim Defendants.  Publicly available Homeland Security documents verify and certify that when Hurricane Ida made landfall and for the two week period afterwards, Counterclaim Defendants Carlos and Dinglasan were actually in the Republic of the Philippines, having departed the United States prior to the Hurricane making landfall.

52.     These allegations are a deliberate and sanctionable fraud upon the Court and were presented by Counterclaim Defendants for an improper purpose.

**CAUSE OF ACTION**

**COUNT ONE**

**DEFAMATION/DEFAMATION PER SE**

53.     Counterclaim Plaintiffs incorporates the foregoing paragraphs of the Counterclaim by reference, as if fully set forth herein.

PD.40084693.1

54.     Counterclaim Defendants have made unprivileged false and defamatory statements about Counterclaim Defendants, which also impute the commission of crimes, including human trafficking and discrimination in housing.

55.     These unprivileged false and defamatory allegations were published by Counterclaim Defendants to this Court and to the general public by the filing of their First Amended Class Action Complaint into the public records, and by their actions, Counterclaim Defendants have caused the subsequent re-publication to occur in non-judicial sources. Counterclaim Defendants are liable for any and all secondary publications.

56.     At the time these and other non-privileged false and defamatory statements concerning Counterclaim Plaintiffs were made, Counterclaim Defendants intentionally acted with malice and in bad faith and knew the allegations against Counterclaim Plaintiffs to be false and/or acted with reckless disregard as to the truth or falsity of the allegations.

57.     The non-privileged false and defamatory statements have caused damage to Counterclaim Plaintiffs by exposing them to contempt and ridicule and lowering their reputations in the estimation of the business and general community. Furthermore, these allegations have caused pecuniary losses by damaging their professional reputations and by causing third parties to refrain from dealing with them.

58.     The unlawful and malicious actions of Counterclaim Defendants entitles Counterclaim Plaintiffs to all available actual, compensatory and punitive damages, including attorney's fees and costs and any other relief the Court finds proper.

## **DEMAND FOR JURY TRIAL**

59.     Counterclaim Defendants demand a trial by jury as to the triable issues.

## PRAYER FOR RELIEF

60.     As a direct and proximate result of Counterclaim Defendants' wrongful actions, Counterclaim Plaintiffs pray for relief as follows:

A.   Judgment in favor of Counterclaim Plaintiffs against Counterclaim Defendants for actual and compensatory damages in an amount to be determined by a jury, including but not limited to all attorney's fees and costs incurred by Counterclaim Plaintiffs;

C.   Judgment in favor of Counterclaim Plaintiffs against Counterclaim Defendants for any incidental and consequential damages;

D.   Judgment in favor of Counterclaim Plaintiffs against Counterclaim Defendants for Punitive Damages; and

E.   Any other relief as the Court deems proper.

THIS, the 10th day of October, 2022.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:      */s/ David M. Korn*

DAVID M. KORN (#21676) [T.A.]
STEPHANIE M. POUCHER (#37263)
MARK FIJMAN (#37680)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
david.korn@phelps.com
stephanie.poucher@phelps.com
mark.fijman@phelps.com

**ATTORNEYS FOR DEFENDANTS, GRAND ISLE SHIPYARD, LLC AND GIS, LLC**

PD.40084693.1