# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORGTIGUERRA, ET AL<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO. 2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS FOR DEFAMATION AND
MOTION TO STRIKE PURSUANT TO LA. CODE CIV. P. ART. 971**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs Victor Cagara Ortiguerra, Donato Manalili Agustin, Amado Tranate Yuzon, Chistopher Escalante Rayos, Arvin Banzon San Pedro, Wilfredo Batong Saturos, Rosel Nufable Hernandez, Siegfried Tapia Carlos, Renato Arbolida Decena, and Isais Santiago Dinglasan (collectively, "Plaintiffs"), on their own behalf and on behalf of those similarly situated and allege as follows:

## I. BRIEF INTRODUCTION TO THE MOTION

Defendants' attempt to bring improper counterclaims for defamation based on the pleadings filed ("In Counterclaim Defendants' First Amended Class Action Complaint, they assert false and defamatory claims of…."). See R. Doc. 46, ¶¶ 41-58. Defendants contend that "[t]hese false and defamatory allegations were published by Counterclaim Defendants to this Court and to the general public by the filing of their First Amended Class Action Complaint into the public

records," and vaguely that "[a]dditional unprivileged re-publication of the false and defamatory statements of Counterclaim Defendants has also taken place in non-judicial sources." R. Doc. ¶ 48.

"The Court need not look any further than Louisiana law holding that 'an action for defamation arising out of allegations made in a judicial proceeding, and made against a party to those proceedings, cannot be brought until those proceedings are terminated.'" *Kalencom Corp. v. Shulman*, No. CV 17-5453, 2018 WL 1739213, at *5 (E.D. La. Apr. 11, 2018) citing *5-Star Premium Finance, Inc. v. Wood*, No. 99-3705, 2000 WL 1678010, *1 (E.D. La. 2000) (citing *Ortiz v. Barriffe*, 523 So.2d 896, 898 (La. App. 4 Cir. 1988)).

Defendants' counterclaims of defamation, based on the ongoing judicial proceedings, are simply improper and are being used as a retaliatory measure in violation of prevailing law.

## II.   RELEVANT PROCEDURE AND BACKGROUND

On February 9, 2022, Plaintiffs' Original Complaint was filed relating only to the Fair Labor Standards Act ("FLSA") claims against Defendants, in order to help preserve those claims. R. Doc. 1. Plaintiffs withheld service anticipating the addition of Plaintiffs, facts, and clarification of additional claims.

On March 21, 2022, Counsel for Defendants contacted the undersigned for introduction, to advise of representation, and to discuss service and the aforementioned possibilities of amendment.

On April 29, 2022, Plaintiffs effected service on Defendants through a private server.. R. Doc. 19.

On June 8, 2022, Defendants filed a Motion to Dismiss and Compel Arbitration (MTCA) related to the Original Complaint. R. Doc. 14.

On June 16, 2022, Plaintiffs filed an unopposed extension for responding to Defendants MTCA, noting what was previously conveyed, that "Plaintiffs intend to amend their complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) to modify and add claims, and to add parties." R. Doc. 17.

On June 30, 2022, Plaintiffs filed their First Amended Complaint, adding (1) numerous factual allegations and claims, including class claims for Trafficking Victims Protection Act ("TVPA") claims, 18 U.S.C. § 1595, and Fair Housing Act violations; (2) four new named Plaintiffs; (3) and a request for a declaratory judgment—including a related jury demand—on the arbitrability issue. R. Doc. 19.

On August 2, 2022, Defendants filed a Renewed Motion to Dismiss and Compel Arbitration ("Renewed MTCA"). R. Doc. 26.

On August 23, 2022, Plaintiffs filed their opposition to Defendants' Renewed Motion to Dismiss and Compel Arbitration. R. Doc. 31 and 35.

On September 26, 2022, , the Court granted Defendants' Renewed MTCA the motion as to the FLSA claims and stayed those claims pending arbitration, but denied Defendants' Renewed TMCA for violations of the Trafficking Victims Protection Act ("TVPA") and Fair Housing Act ("FHA"), the latter claims to proceed in this Court.

On October 10, 2022, Defendants filed an Answer as well as counterclaims against each of the Plaintiffs, individually, who are a party to the suit against them for the claims made in the Complaint and the First Amended Complaint. R. Doc. 46.

On October 14, 2022, this Court granted Plaintiffs an extension to November 21, 2022 to respond to Defendants' counterclaims. R. Doc. 49.

3

### III.  DEFENDANTS' COUNTERCLAIMS ARE IMPROPER

#### *a. Defamation based on Judicial Proceedings*

The law is clear: "an action for defamation arising out of allegations made in a judicial proceeding, and made against a party to those proceedings, cannot be brought until those proceedings are terminated." *Kalencom Corp.*, 2018 WL 1739213, at *5 (citations omitted); *see also Greater New Orleans Fair Hous. Action Ctr., Inc. v. Brister*, No. CIV.A. 02-3797, 2005 WL 517338, at *1 (E.D. La. Mar. 1, 2005) citing *Young v. City of New Orleans*, 751 F.2d 794, 801 (5th Cir.1985) ("In the Fifth Circuit, defamation counterclaims, which are governed by Louisiana law and based on the allegations of a lawsuit or judicial proceeding not yet terminated, are not compulsory under the Federal Rules because they are not mature under Louisiana law.")[1]

It is clear on the face of Defendants' counterclaim pleading that Defendants are making claims alleging that "false and defamatory allegations were published by Counterclaim Defendants to this Court and to the general public by the filing of their First Amended Class Action Complaint into the public records." Such claims are improper and should be dismissed.

Further, Defendants lob a vague allegation claiming "[a]dditional unprivileged re-publication of the false and defamatory statements of Counterclaim Defendants has also taken place in non-judicial sources." R. Doc. 46 at ¶ 48. Putting aside the fact that Defendants say nothing of the *who*, *what*, *where*, and *when* of these purportedly "unprivileged" defamatory statements to "non-judicial sources," even taking the allegation as true, if a third-party were to publish content

---

[1] "Pursuant to Rule 13 of the Federal Rules of Civil Procedure, counterclaims are either compulsory or permissive… [i]n this case, defendants' defamation claims and the plaintiffs' claims under the Fair Housing Act are completely separate causes of action. Furthermore, defendant's defamation claims against plaintiffs have not yet arisen pursuant to Louisiana law so they cannot be part of the same case or controversy as required by § 1367(a)." *Greater New Orleans Fair Hous. Action Ctr.*, 2005 WL 517338, at *1.

based of judicial proceedings, Defendants are back to square one as such claims would obviously be based on these judicial proceedings.

La. R.S. 14:49, also provides: "A qualified privilege exists and actual malice must be proved, regardless of whether the publication is true or false . . . (4) Where the publication or expression is made by an attorney or party in a judicial proceeding." La. R.S. § 14:49.[2]

In *Williams v. Nexstar Broadcasting, Inc.*, a Louisiana appellate court affirmed the trial court's decision sustaining an exception of no cause of action because the claimant had failed to allege *specific*, non-privileged defamatory statements as required by law:

> The district court correctly found that the plaintiff did not set forth specific defamatory statements to support his cause of action. Rather, the petition merely alleges that the defendants 'made and published false and defamatory statements, comments and innuendo to attack and harm the reputation and character of the Plaintiff,' and that the news reports 'state and imply … that Plaintiff, Moses Junior Williams, had acted illegally, unprofessionally or incompetently with respect to his role as the Chief Executive Officer of the CDC.' These are conclusory allegations; without support by specific defamatory statements, they cannot state a cause of action.

96 So. 3d 1195, 1199-1200 (La. App. 5 Cir. 4/10/12).

Likewise, in *Newcomer v. Bennett*, a lawsuit was brought against a divorce attorney based on statements the attorney had made about the plaintiff during divorce proceedings. 27 So. 3d 858, 859 (La. App. 5 Cir. 10/13/09). The *Newcomer* court noted that a defamation claimant "must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant" and confirmed that qualified privilege applies to statements made by parties and their representatives in judicial proceedings. *Id.* at 861. Further, the *Newcomer* court held that even

---

[2] "Although La. R.S. 14:49 is part of the Louisiana Criminal Code, the qualified privileges that it enumerates as defenses for criminal defamation … are also applicable to civil defamation cases." *Harvey v. Krouse*, 2017-0937, p. 10 (La. App. 4 Cir. 4/18/18); 244 So. 3d 533, 539 (quotations and citations omitted).

though the plaintiff alleged that the "statements regarding the adulterous relationship were made with malice towards the plaintiff, these are merely conclusionary statements on the part of the plaintiff, and as such do not support a cause of action for defamation." *Id*. at 862.[3]

### IV. RETALIATION AND ANTI-SLAPP MOTION TO STRIKE

The Fifth Circuit has long recognized the potential for litigants filing claims "that have the purpose or effect of chilling the exercise of First Amendment rights." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009). The Fifth Circuit explains:

> These suits are commonly referred to as "strategic lawsuits against public participation," or "SLAPPs." In response to the growth of SLAPPs, some states have provided a procedural method—often called a "special motion to strike" but also known as an "anti-SLAPP motion" or "SLAPPback"—to weed out and dismiss meritless claims early in litigation. Dismissal of these frivolous tort claims saves defendants the cost and burden of trial and minimizes the chilling effect of these lawsuits.

*Id*.

La. Code Civ. P. art. 971 is Louisiana's version of an "Anti-SLAPP" provision. The code article provides a "procedural device used to quickly dismiss meritless claims arising from any act of a person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." *Hoffman v. Bailey*, 13-5122, p. 4 (E.D. La. 5/16/17), 2017 WL 2212503 at *4. The procedural device may be used "when a litigant has brought a cause of action, typically alleging defamation, in an effort to chill the First Amendment speech of its target." *Schittone v. Stoma*, 2017-1732, p. 3 (La. App. 1 Cir. 5/2/18), 2018 WL 2078822 at *3.

To establish a prima facie case for an Anti-SLAPP action, the mover first must show that

---

[3] *See also Owens v. Jackson*, 550 So. 2d 359, 363 (La. App. 3 Cir. 1989) ("Allegations which contain no specific factual details are not adequate to establish a cause of action for defamation. A cause of action cannot be established by statements which are merely general conclusions of fact or law.").

6

the underlying defamation claim stems from an action that they took in the exercise of their right of petition or free speech under the United States Constitution or Louisiana Constitution. *Hoffman* at *4-5. The statements must also have been made in connection with a public issue. *Id*. La. Code Civ. P. art. 971 specifies that actions taken during litigation constitute actions of free speech that are taken in connection with a public issue. Specifically, subsection (F)(1)(a) of the article states that "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" is considered an "act in furtherance of a person's right of petition or free speech . . . in connection with a public issue." Additionally, the Louisiana Supreme Court has held, "[i]t is true that communications made in judicial or quasi-judicial proceedings carry an absolute privilege." *Bienvenu v. Angelle*, 254 La. 182, 194, 223 So. 2d 140, 144 (1969), *overruled on other grounds by Gonzales v. Xerox Corp.*, 254 La. 182, 320 So. 2d 163 (1975).

The Louisiana Supreme Court has also found that First Amendment activity is made in connection with a public issue if it "relate[s] to any matter of political, social, or other concern to the community." *Shelton v. Pavon*, 2017-0482, p. 1241 (La. 10/18/17), 236 So. 3d 1233, 1241. Furthermore, The United States Supreme Court has stated that "whether speech addresses a matter of public concern must be determined by the content, form and context of a given statement, as revealed by the whole record." *Connick v. Myers*, 461 U.S. 138, 146 (1983).

In this case, not only are Plaintiffs' claims the very definition of a "public issue" because they are made in the course of litigation (and privileged), but the claims also involve violations of the Trafficking Victims Protection Act and the Fair Housing Act on a class-wide basis. Therefore, Plaintiffs have not only established a prima facie case based on Defendants' improper defamation counterclaims for an Anti-SLAPP action, but also proven entitlement to relief because Defendants'

7

defamation counterclaims related to claims in these judicial proceedings is unquestionably improper under Louisiana law.

## CONCLUSION

Plaintiffs respectfully request that the Court grant this Motion to Dismiss Defendants' Counterclaims, and grant the Motion to Strike said counterclaims pursuant to La. Code Civ. P. art. 971, awarding all just remedies and relief associated with the motions.

Respectfully submitted this day: November 22, 2022,

/s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(admitted pro hac vice)*

**M. Lucia Blacksher Ranier (Bar # 26605)**
**Samuel T. Brandao (Bar #34456)**
**Civil Rights and Federal Practice Clinic**
**Tulane Law School**
6329 Freret Street
New Orleans, LA 70118
P: (504) 862-8892
F: (504) 862-8753
E: lblacksh@tulane.edu
E: sbrandao@tulane.edu

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 22, 2022, I electronically filed the foregoing First Amended Complaint with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all Parties.

                                                         /s/ Kenneth C. Bordes