# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORGTIGUERRA, ET AL.<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO. 2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

## MOTION FOR LEAVE TO FILE
## A SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Victor Cagara Ortiguerra, Donato Manalili Agustin, Amado Tranate Yuzon, Chistopher Escalante Rayos, Arvin Banzon San Pedro, Wilfredo Batong Saturos, Rosel Nufable Hernandez, Siegfried Tapia Carlos, Renato Arbolida Decena, and Isaias Santiago Dinglasan (collectively, "Plaintiffs") seek leave of Court to file their Second Amended Class Action Complaint.

The proposed Second Amended Class Action Complaint (1) clarifies certain factual allegations Plaintiffs made in their First Amended Class Action Complaint; (2) no longer asserts claims under the Fair Labor Standards Act ("FLSA") minimum wage and overtime provisions, which this Court has stayed pending arbitration; and (3) adds claims that the Defendants' counterclaims constitute retaliation in violation of the FLSA and obstruction in violation of the Trafficking Victims Protection Act ("TVPA").

There is a presumption in favor of permitting an amendment to a complaint. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). This presumption is strong; the Fifth Circuit requires a district court to "have a 'substantial reason' to deny a request for leave to

amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal citations omitted).

The proposed amendment is not futile, the result of undue delay, bad faith, or a dilatory motive. Additionally, Defendants are not prejudiced by Plaintiffs' amendment when considering the procedural posture of this case. The case is in its infancy. There has been no discovery, no scheduling order, and issue only was recently joined. Therefore, there has been no undue delay, bad faith, or a dilatory motive that would justify a denial of Plaintiffs' Motion.

Pursuant to LR 7.6, on November 21, 2022, Plaintiffs sought consent for this motion from Defendants. Defendants oppose Plaintiffs' motion for leave to amend.

WHEREFORE, for the reasons set forth herein and more specifically in the Memorandum in Support of this Motion, Plaintiffs request that the Court grant them leave to file their Second Amended Class Action Complaint.

Respectfully submitted this day: November 28, 2022,

/s/ Daniel Werner
**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(admitted pro hac vice)*

/s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

 

**M. Lucia Blacksher Ranier (Bar # 26605)**
**Samuel T. Brandao (Bar #34456)**
**Civil Rights and Federal Practice Clinic**
**Tulane Law School**
6329 Freret Street
New Orleans, LA  70118
P: (504) 862-8892
F: (504) 862-8753
E: lblacksh@tulane.edu
E: sbrandao@tulane.edu

*Attorneys for Plaintiffs*