## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORGTIGUERRA, ET AL.<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO.  2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

### MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT

For the following reasons, Plaintiffs Victor Cagara Ortiguerra, Donato Manalili Agustin, Amado Tranate Yuzon, Chistopher Escalante Rayos, Arvin Banzon San Pedro, Wilfredo Batong Saturos, Rosel Nufable Hernandez, Siegfried Tapia Carlos, Renato Arbolida Decena, and Isaias Santiago Dinglasan (collectively, "Plaintiffs") seek leave of Court to file their Second Amended Class Action Complaint. The proposed Second Amended Class Action Complaint (1) clarifies certain factual allegations Plaintiffs made in their First Amended Class Action Complaint; (2) no longer asserts claims under the Fair Labor Standards Act ("FLSA") minimum wage and overtime provisions, which this Court has stayed pending arbitration; and (3) adds claims that the Defendants' counterclaims constitute retaliation in violation of the FLSA and obstruction in violation of the Trafficking Victims Protection Act ("TVPA").

Pursuant to LR 7.6, on November 21, 2022, Plaintiffs sought consent for this motion from Defendants. Defendants oppose Plaintiffs' motion for leave to amend.

### I. Background

On February 9, 2022, Plaintiffs' Original Complaint was filed relating only to the Fair

Labor Standards Act ("FLSA") claims against Defendants, in order to help preserve those claims. R. Doc. 1. Plaintiffs withheld service anticipating the addition of Plaintiffs, supplementation of factual allegations, and clarification of additional claims.

On March 21, 2022, Counsel for Defendants contacted undersigned for introduction, to advise of representation, and to discuss service and the aforementioned possibilities of amendment.

On April 29, 2022, Plaintiffs effected service on Defendants through a private server. R. Doc. 19.

On June 8, 2022, Defendants filed a Motion to Dismiss and Compel Arbitration ("MTCA") related to the Original Complaint. R. Doc. 14.

On June 16, 2022, Plaintiffs filed an unopposed extension for responding to Defendants' MTCA, noting what was previously conveyed, namely that "Plaintiffs intend to amend their complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) to modify and add claims, and to add parties." R. Doc. 17.

On June 30, 2022, Plaintiffs filed their First Amended Complaint, adding (1) numerous factual allegations and claims, including class claims for Trafficking Victims Protection Act ("TVPA") claims, 18 U.S.C. § 1595, and Fair Housing Act ("FHA") violations; (2) four new named Plaintiffs; and (3) a request for a declaratory judgment—including a related jury demand—on the arbitrability issue. R. Doc. 19.

On August 2, 2022, Defendants filed a Renewed Motion to Dismiss and Compel Arbitration ("Renewed MTCA"). R. Doc. 26.

On August 23, 2022, Plaintiffs filed their opposition to Defendants' Renewed Motion to Dismiss and Compel Arbitration. R. Doc. 31 and 35.

On September 26, 2022, the Court granted Defendants' Renewed MTCA motion as to the

2

FLSA claims and stayed those claims pending arbitration, but denied Defendants' Renewed MTCA for violations of the TVPA and the FHA, the latter claims to proceed in this Court.

On October 10, 2022, Defendants filed an Answer as well as counterclaims alleging defamation against each of the Plaintiffs, individually, who are a party to the suit against them for the claims made in the Complaint and the First Amended Class Action Complaint. R. Doc. 46.

On October 14, 2022, this Court granted Plaintiffs an extension to November 21, 2022 to respond to Defendants' counterclaims. R. Doc. 49.

On November 21, 2022, Plaintiffs filed a Motion to Dismiss Defendants' Counterclaims for Defamation and Motion to Strike Pursuant to LA. Code Civ. P. Art. 971 ("Motion to Dismiss/Strike"). R. Doc. 53.

## II.     The Law

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after a responsive pleading has been filed only by leave of court or by written consent of the adverse party; and leave shall be freely granted when "justice so requires." Rule 15 "evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so." *Allen v. Kelly*, No. CV 18-7678, 2018 WL 4503954, at *1 (E.D. La. Sept. 20, 2018) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) ("In sum, the motion should not be denied 'unless there is a substantial reason to do so.'")).

As such, there is a presumption in favor of permitting an amendment to a complaint. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). This presumption is strong; the Fifth Circuit requires a district court to "have a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal citations omitted).

The presumption may be rebutted on a narrow set of grounds: undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these bases properly supports a denial of leave to amend in the instant motion. Therefore, for the reasons further detailed below, Plaintiffs' Motion for Leave to File a Second Amended Class Action Complaint should be granted.

> **a. Plaintiffs' amendments to the complaint are not the result of undue delay, bad faith, or a dilatory motive on the part of the movant.**

The proposed amendment to the complaint is not the result of undue delay, bad faith, or a dilatory motive. The passage of time between filing of the First Amended Class Action Complaint and the proposed Second Amended Class Action Complaint is principally due to the delays caused by the Defendants' Renewed MTCA. In fact, issue has been joined for only about six weeks.

Further, delay alone is insufficient to deny leave to amend. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Rather, only *undue* delay is a proper ground to refuse a motion to amend. *Id.* Courts must also look to the procedural posture of the case to determine if the movant's delay prejudices the nonmovant. *LaRocca v. LaRocca*, No. CIV.A. 13-4748, 2013 WL 6440334, at *3 (E.D. La. Dec. 9, 2013) (citing *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 426-27 (5th Cir. 2004)).

Here, there has been no undue delay, bad faith, or a dilatory motive on Plaintiffs' part. Defendants filed their answer and counterclaims on October 10, 2022. Plaintiffs requested and received a single twenty-one-day extension to file their response to the Defendants' counterclaims and then timely filed their Motion to Dismiss/Strike. That same day—on November 21, 2022—Plaintiffs provided their proposed Second Amended Class Action Complaint to counsel for

4

Defendants and sought their consent to file the same. Plaintiffs' counsel has not allowed the case to languish. Moreover, Plaintiffs request leave to amend at this early stage of the litigation to ensure the allegations before the Court are presented with clarity and appropriate detail and to preserve Plaintiffs' new FLSA and TVPA claims arising out of the Defendants' retaliatory and obstructionist counterclaims. As such, Plaintiffs do not present this proposed amendment in bad faith or for a dilatory motive.

Additionally, Defendants are not prejudiced by Plaintiffs' amendment when considering the procedural posture of this case. The case is in its infancy. There has been no discovery, no scheduling order, and issue only was recently joined. Therefore, there has been no undue delay, bad faith, or a dilatory motive that would justify a denial of Plaintiffs' Motion.

### b. There has not been a repeated failure of Plaintiffs' counsel to cure deficiencies by amendments previously allowed.

Plaintiffs' counsel has not repeatedly failed to address deficiencies by amendments previously allowed. Here, Plaintiffs seek leave to amend for the first time since the issues were joined. If their motion is granted, it will be the second amendment made to the complaint, and only the first amendment after Plaintiffs added claims under the FHA and the TVPA; the only claims that were not stayed pending arbitration. *See LaRocca*, 2013 WL 6440334, at *3 (concluding that Plaintiffs' first motion for leave to amend its complaint weighs heavily in favor of granting the proposed amendments).

### c. Defendants do not face undue prejudice as a result of the proposed amendments.

Defendants in this case would experience no undue prejudice if leave to amend were granted. Here, clarifying the factual allegations, removing the stayed FLSA minimum wage and overtime claims, and adding the FLSA retaliation and TVPA obstruction claims that only became

5

ripe just over six weeks ago, will not prejudice Defendants.

### d. Amendment of the complaint would not be futile.

Courts may consider whether an amendment to a pleading would be futile. *LaRocca*, 2013 WL 6440334, at *4. Courts usually deny leave to amend on futility grounds because the amendment lacks legal foundation or has been adequately presented in a prior version of the complaint. *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). "Futility in this context means that the amended complaint would fail to state a claim upon which relief could be granted." *Trahan v. Lowe's, Inc.*, No. 01-3243, 2002 WL 1560272, at *7 (E.D. La. Jul. 12, 2002).

Here, the only substantive additional claims are based on retaliation and obstruction arising out of Defendants' counterclaims. Courts have routinely found that counterclaims may violate the FLSA's anti-retaliation protections if they "(1) were filed for a retaliatory motive and (2) lack a reasonable basis in fact or law." *Romero-Hernandez v. Alexander*, No. 3:08CV93-M-A, 2009 WL 10675548, at *4 (N.D. Miss. Nov. 20, 2009 (citing *Bill Johnson's Restaurants, Inc., v. N.L.R.B.*, 461 U.S. 731, 741 103 S. Ct. 2161, 2169 (1983)); *see also Ramos v. Hoyle*, No. 08-21809-CIV, 2009 WL 2849093, at *2 (S.D. Fla. May 15, 2009) (same). In paragraphs 92-93 and 119 of the proposed amended complaint, Plaintiffs specifically allege a retaliatory motive and the lack of a reasonable basis in fact or law. Amendment will not affect the viability of the claims asserted in the original complaint.

Further, in paragraphs 94-95 and 135 of the proposed amended complaint, Plaintiffs have sufficiently alleged Defendants' counterclaims obstructed, attempted to obstruct, or interfered with enforcement of Plaintiffs' 18 U.S.C. § 1590(a) human trafficking claims, thereby violating 18 U.S.C. § 1590(b). *See Doe v. Howard*, No. 1:11-CV-1105, 2012 WL 3834867, at *1 (E.D. Va. Sept. 4, 2012) (noting defendant was found civilly liable for Section 1590(b) obstruction);

*Martinez v. Calimlim*, 651 F. Supp. 2d 852, 864 (E.D. Wis. 2009) (plaintiff sufficiently alleged claim for, *inter alia*, Section 1590(b) obstruction).

Because Plaintiffs' proposed amendment would not be futile, this Court should grant their Motion for Leave to File a Second Amended Class Action Complaint.[1]

### III. Conclusion

For the reasons set forth herein, Plaintiffs request that the Court grant them leave to file their Second Amended Class Action Complaint.

Respectfully submitted this day: November 28, 2022,

/s/ Daniel Werner
**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(admitted pro hac vice)*

/s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

---

[1] *Cf. Crane v. Petco Animal Supplies Stores, Inc.*, No. CV 17-4115, 2017 WL 2798459, at *5 (E.D. La. June 28, 2017) ("Because of the defendants' motion to dismiss, the Court is reluctant to weigh in on the "futility" of the proposed amendment. The Court accepts that the plaintiff attempts to now bring a claim allowed under statutory law against a merchant. As such, without commenting on the merits of the plaintiff's amendment, the Court finds that this factor weighs in favor of amendment….").

**M. Lucia Blacksher Ranier (Bar # 26605)**
**Samuel T. Brandao (Bar #34456)**
**Civil Rights and Federal Practice Clinic**
**Tulane Law School**
6329 Freret Street
New Orleans, LA  70118
P: (504) 862-8892
F: (504) 862-8753
E: lblacksh@tulane.edu
E: sbrandao@tulane.edu

*Attorneys for Plaintiffs*
