## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR CAGARA ORTIGUERRA, DONATO MANALILI AGUSTIN, AMADO TRANATE YUZON, CHRISTOPHER ESCALANTE RAYOS, ARVIN BANZON SAN PEDRO, WILFREDO BATONG SATUROS, SIEGFRIED TAPIA CARLOS, RENATO ARBOLIDA DECENA, and ISAIAS SANTIAGO DIGLASAN** | **CIVIL ACTION NO. 22-cv-00309**<br><br>**SECTION "J"**<br>**JUDGE CARL J. BARBIER**<br><br>**MAG. DIV. (4)**<br>**MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **VERSUS** | |
| **GRAND ISLE SHIPYARD, LLC and GIS, LLC** | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT

COME NOW, Defendants, Grand Isle Shipyard, LLC and GIS, LLC (collectively "GIS" or "Defendants"), by and through their attorneys of record, reserving all rights, motions, and defenses and without waiver thereof, respectfully submit their Memorandum in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Class Action Lawsuit.[1]

### I. INTRODUCTION

In the Court's Order[2] of September 26, 2022, the Court ruled that Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA") were properly stayed and referred to arbitration pursuant to the Contracts of Employment Plaintiffs signed in the Philippines and the applicable Philippine labor law. Plaintiffs' proposed Second Amended Complaint seeks to assert an additional FLSA claim of retaliation, which also properly would be subject to arbitration

---

[1]   *See* Motion for Leave to File a Second Amended Class Action Lawsuit, Pacer Docket Entry No. 54.
[2]   *See* Order and Reasons, Pacer Docket Entry No. 45.

under the Court's Order. To the extent that Plaintiffs' Second Amended Complaint contains a claim asserted under the FLSA, Plaintiffs' Motion for Leave should be denied.

## II. BACKGROUND

Plaintiffs are all Philippine nationals who came to the United States to work for GIS as welders and fitters on oil rigs, pursuant to Contracts of Employment they signed in Makati City, Philippines, the terms of which were authorized and approved by the Philippine Overseas Employment Administration ("POEA"). The POEA is the administrative arm that enforces a comprehensive framework of laws in the Philippines governing the overseas employment and protection of Filipino workers. Under the Contracts of Employment signed by Plaintiffs, their exclusive remedy as to any claim or dispute involving their employment, is through arbitration in the Philippines before the National Labor Relations Committee ("NLRC"), which has original and exclusive jurisdiction.

Six Plaintiffs filed their original Complaint on February 9, 2022, alleging violations of the FLSA, claiming they were not properly paid the minimum wage and overtime under the Act.[3] Defendants subsequently filed a Motion to Dismiss and Compel Arbitration of the FLSA claims based on the POEA approved Contracts of Employment.[4]  The original Plaintiffs, plus and addition four new Plaintiffs filed their First Amended Complaint on June 28, 2022, asserting the same FLSA claims and asserting additional claims of purported violations of the Trafficking Victims Protection Act ("TVPA") and the Fair Housing Act ("FHA").[5]  On August 1, 2022, Defendants filed their Motion to Dismiss First Amended Complaint and to Compel Arbitration on the same basis as their earlier Motion.[6]

---

[3]  *See* Complaint, Pacer Docket Entry No. 1.
[4]  *See* Motion to Dismiss and Compel Arbitration, Pacer Docket Entry No. 14.
[5]  *See* First Amended Complaint, Pacer Docket Entry No. 19.
[6]  *See* Motion to Dismiss First Amended Complaint and Compel Arbitration, Pacer Docket Entry No. 26.

On September 26, 2022, the Court granted Defendants' Motion in regard to Plaintiffs' FLSA claims, finding that such claims were properly subject to arbitration under the POEA approved Contracts of Employment, but held that Plaintiffs' claims under the TVPA and FHA were not subject to compelled arbitration.[7]

Defendants filed their Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint and Counterclaim on October 10, 2022.[8] Defendants' counterclaim was based on demonstrably false and defamatory statements of Plaintiffs, claiming that Defendants had engaged in human trafficking, forced labor and threats of physical violence toward their workers, which also constituted defamation *per se* because such claims implicate criminal prosecution.[9] In Plaintiffs' proposed Second Amended Complaint, attached to its Motion for Leave, they assert a new claim of FLSA retaliation, based on Defendants' in addition to their previously asserted claims under the TVPA and the FHA.[10]

### III. ARGUMENT AND AUTHORITY

Federal Rule of Civil Procedure 15(a) supplies the applicable standard. Under Rule 15(a), a district court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although this mandate "significantly limits a district court's discretion, a district court still acts within its bounds when it denies leave because amendment would be futile." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022).

In this instance, the proposed Amendment to include an FLSA claim is futile. The Court has already ruled that Plaintiffs' FLSA claims are properly subject to arbitration and are not before this Court. *Cf. Pacheco v. PCM Const. Services, L.L.C.*, 602 Fed. Appx. 945 (5th Cir.

---

[7]   *See* Order and Reasons, Pacer Docket Entry No. 45.
[8]   *See* Defendants' Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint and Counterclaim, Pacer Docket Entry No. 46.
[9]   *Id.*
[10]  *See* Motion for Leave to File a Second Amended Class Action Complaint, Pacer Docket Entry No. 54.

2015) (both FLSA claims for unpaid wages and for FLSA retaliation claims were subject to arbitration agreement). Likewise, "[u]nder the 'law of the case' doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation." *F.D.I.C. v. McFarland*, 243 F.3d 876, 884 (5th Cir. 2001). Defendants have no objection to Plaintiffs amending their Complaint to "clarify[y] certain factual allegations Plaintiffs made in their First Amended Complaint."[11]  This would include Plaintiffs correction of an express claim that two of the Plaintiffs rode out Hurricane Ida in Defendants' employee housing, when in fact, the two individuals were in the Philippines at the time of the Hurricane, as shown and verified by Homeland Security documents.[12]

## IV. CONCLUSION

To the extent that Plaintiffs' Second Amended Complaint contains a claim asserted under the FLSA which would be subject to mandatory arbitration, Plaintiffs' Motion for Leave should be denied.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:      */s/ David M. Korn*
                   DAVID M. KORN (#21676)
                   MARK FIJMAN (#37680)
                   STEPHANIE M. POUCHER (#37263)
                   365 Canal Street • Suite 2000
                   New Orleans, Louisiana 70130
                   Telephone: (504) 566-1311
                   Telecopier: (504) 568-9130
                   david.korn@phelps.com
                   mark.fijman@phelps.com
                   stephanie.poucher@phelps.com

---

[11]  See Motion for Leave to File a Second Amended Class Action Lawsuit., Pacer Docket Entry No. 54 at 1.
[12]  *See* Defendants' Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint and Counterclaim, Pacer Docket Entry No. 46 at p. 45, ¶51.

**ATTORNEYS FOR DEFENDANTS,
GRAND ISLE SHIPYARD, LLC AND GIS,
LLC**

5