UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORGTIGUERRA, ET AL.<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO. 2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants have filed an opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint. R. Docs. 54 (Plaintiffs' Motion) & 58 (Defendants' Opposition). In Plaintiffs' proposed Second Amended Complaint ("SAC"), they include a new claim under the Fair Labor Standards Act ("FLSA") anti-retaliation provision, arising out of Defendants' counterclaim against the Plaintiffs. SAC at ¶¶ 115-121.

In their Opposition, Defendants contend, incorrectly, that the law of this case requires that arbitration be compelled for the FLSA retaliation claim. However, the provision this Court held was binding compels arbitration for a "claim and dispute arising from this employment." Plaintiffs' cause of action for the FLSA retaliation claim arose long after Plaintiffs were no longer employed at Defendants' operations. Therefore, because the Court has already determined Plaintiffs' Fair Housing Act ("FHA") and Trafficking Victims Protection Act ("TVPA") claims do not arise out their employment and therefore are not subject to the arbitration agreement, the law of the case requires also that the Court hear Plaintiffs' FLSA retaliation claim. For this reason, Plaintiffs submit this Reply.

**I.     Argument**

It is axiomatic that, even if an employee does not prevail in his underlying claim under remedial employment statutes, he may still prevail on a claim of retaliation. *See, e.g.*, *Schaeffer v. Warren Cnty., Mississippi,* No. 3:14CV945-DPJ-FKB, 2016 WL 3156465, at *5 (S.D. Miss. June 2, 2016) (collecting FLSA cases)*; see also Green v. Administrators of Tulane Educational Fund*, 284 F.3d 642, 657 (5th Cir. 2002) (retaliation claim is viewed separately from underlying employment discrimination claim)[1]*; Vadie v. Mississippi State Univ.*, 218 F.3d 365, 374 (5th Cir. 2000) (same); *Shackelford v. Deloitte & Touche LLP*, 190 F.3d 398, 405 n. 4 (5th Cir.1999); *Long v. Eastfield College*, 88 F.3d 300, 309 n.10 (5th Cir. 1996); *Payne v McLemore's Wholesale & Retail Stores,* 654 F.2d 1130, 1137 (5th Cir. 1981).

Here, the Court has recognized that the arbitration clause in Section 28 of the Standard Terms—requiring arbitration of "claims and disputes arising from this employment"—is narrow. *Ortiguerra v. Grand Isle Shipyard, LLC*, No. CV 22-309, --- F.Supp.3d ---, 2022 WL 4465511, at *7 (E.D. La. Sept. 26, 2022). The Court found that, because Plaintiffs' FLSA minimum wage and overtime claims were "employment disputes," arbitration would be compelled under this clause. *Id.* at *5. However, the FHA and TVPA claims, which focused on conditions at the Defendants' bunkhouse between work stints on oil rigs and spars, did not fall within the narrow scope of the Standard Terms provision and therefore were not subject to arbitration. The key distinction between the FLSA wage claims and the FHA and TVPA claims was the location and timing of

---

[1] The Fifth Circuit recently noted that *Green* was overruled on other grounds. *See Hardison v. Skinner*, No. 20-30643, 2022 WL 2668514, at *2 (5th Cir. July 11, 2022) (unpublished) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). *Burlington N.* expanded the scope of adverse actions that can constituted retaliation under Title VII. *Id.* at 62-63. Therefore, to the extent *Burlington N.* overruled *Green*, it expanded anti-retaliation protections, rather than limiting them.

when the disputes arose.  The former was based on hours worked while Plaintiffs were laboring on spars and rigs; the latter were based on the Plaintiffs' non-work time at the bunkhouse.

Plaintiffs do not dispute that FLSA retaliation claims, if the retaliation had occurred during the employment relationship between Plaintiffs and Defendants, would be subject to arbitration under the Court's order.[2]  However, this FLSA retaliation claim is based entirely on Defendants' October 10, 2022 counterclaims, which they filed months after the last Plaintiffs had fled and were no longer employed at Defendants' operations. In the Second Amended Complaint, Plaintiffs allege the counterclaims were an adverse employment action taken against Plaintiffs for *post-employment* FLSA-protected activities (the filing of the First Amended Complaint).[3]  SAC at ¶¶ 84-96 & 115-121.

Under the law of the case, Plaintiffs' post-employment FLSA retaliation claims are more akin to their FHA and TVPA claims.  Therefore, the FLSA retaliation claims should not be subject to arbitration.

## II.     Conclusion

For the reasons set forth herein and in Plaintiffs' initial brief, Plaintiffs request that the

---

[2] Defendants have cited *Pacheco v. PCM Const. Servs., L.L.C.*, 602 F. App'x 945 (5th Cir. 2015) (unpublished) to support the general premise that FLSA retaliation claims may be subject to arbitration.  This is an odd choice of authority, as the Fifth Circuit in *Pacheco* did not make the specific finding Defendants contend it did. However, this is of no matter. It appears from the preceding district court decision that the plaintiffs had filed their FLSA retaliation claim before the Defendants filed their answer. *Pacheco v. PCM Const. Servs., LLC*, No. 3:12-CV-4057-L, 2014 WL 145147, at *1 (N.D. Tex. Jan. 15, 2014).  As such, the retaliation claim could not have arisen out of a post-employment counterclaim, but rather presumably was based on an alleged adverse employment action while the plaintiffs were still employed.  Further, the scope of the arbitration provision itself mandated arbitration of "any dispute between employee and the company…" *Id.* Therefore, it was far broader than the arbitration provision in the case at bar.

[3] Defendants do not dispute that counterclaims may violate the FLSA's anti-retaliation protections. *See, e.g., Saavedra v. Richard*, No. CIV.A. H-10-0856, 2011 WL 864972, at *14 (S.D. Tex. Mar. 3, 2011); *Romero-Hernandez v. Alexander*, No. 3:08CV93-M-A, 2009 WL 10675548, at *4 (N.D. Miss. Nov. 20, 2009).

Court grant them leave to file their Second Amended Class Action Complaint.

Respectfully submitted this day: December 12, 2022,

/s/ Daniel Werner
**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(admitted pro hac vice)*

/s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

**M. Lucia Blacksher Ranier (Bar # 26605)**
**Samuel T. Brandao (Bar #34456)**
**Civil Rights and Federal Practice Clinic**
**Tulane Law School**
6329 Freret Street
New Orleans, LA 70118
P: (504) 862-8892
F: (504) 862-8753
E: lblacksh@tulane.edu
E: sbrandao@tulane.edu

*Attorneys for Plaintiffs*

4