## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICTOR CAGARA ORTIGUERRA, DONATO MANALILI AGUSTIN, AMADO TRANATE YUZON, CHRISTOPHER ESCALANTE RAYOS, ARVIN BANZON SAN PEDRO, WILFREDO BATONG SATUROS, SIEGFRIED TAPIA CARLOS, RENATO ARBOLIDA DECENA, and ISAIAS SANTIAGO DIGLASAN** | **CIVIL ACTION NO. 22-cv-00309** <br><br> **SECTION "J"** <br> **JUDGE CARL J. BARBIER** <br><br> **MAG. DIV. (4)** <br> **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| **VERSUS** | |
| **GRAND ISLE SHIPYARD, LLC and GIS, LLC** | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS FOR DEFAMATION

COME NOW, Defendants, Grand Isle Shipyard, LLC and GIS, LLC (collectively "GIS" or "Defendants"), by and through their attorneys of record, reserving all rights, motions, and defenses and without waiver thereof, respectfully submit their Response to Plaintiffs' Motion to Dismiss Defendants' Counterclaims for Defamation.[1]

### I.   INTRODUCTION

Plaintiffs' statements, both in pleadings and outside judicial proceedings, accusing Defendants of human trafficking, forced labor, physical restraint, denial of food and medical care and other abuse are all demonstrably false and constitute defamation under Louisiana law. Since Plaintiffs statements have expressly accused Defendants of criminal conduct and exposed them to contempt, hatred and ridicule, Defendants have asserted valid claims of defamation. While these false and malicious statements were made in judicial proceedings, Louisiana law provides

---

[1]   Pacer Docket Entry No. 53.

that if such a conditional or qualified privilege is abused, by malice or lack of good faith, the privilege is lost. In this case, the privilege has been clearly abused and should not be allowed to shield Plaintiff's malicious conduct. Plaintiffs' lawsuit has been brought in bad faith and the defamatory statements are simply a litigation tactic Plaintiffs are utilizing to avoid the arbitration agreements that Plaintiffs voluntarily entered into, utilizing a "cut and paste" template of claims from another case, of which the Court is familiar.

Because of the likelihood of extended litigation in this matter beyond the prescriptive period, the counterclaim was brought in good faith and taking into consideration the bad faith of the claims. Defendants believe under the circumstances, the proper course of action is to allow the claims to proceed. Alternatively, if the Court finds Defendants' valid defamation claims are premature, the Court should issue a stay of Defendants' defamation counterclaim until the proceedings as to Plaintiffs' claims have concluded.

## II. ARGUMENT AND AUTHORITY

To the extent statements are included in pleadings or are made in judicial proceedings, such statements are subject to a conditional (or qualified) privilege. *Freeman v. Cooper,* 414 So.2d 355, 359 (La. 1982). Defendants do not dispute the authority cited by Plaintiffs that an action arising out of allegations made in a judicial proceeding and made against a party to those proceedings cannot be brought until those proceedings are terminated. *See Kalencom Corp. v. Shuman*, 2018 WL 1739213 (E.D. La. April 11, 2018).

However, such a privilege is abused if the publisher (a) knows the matter to be false, or (b) acts in reckless disregard as to its truth or falsity. *Schmidt v. Cal-Dive International, Inc.*, 240 F.Supp.3d 532 (W.D. La. 2017). In this case, Defendants in good faith believe any such privilege is being abused, based on Defendants' knowledge of the falsity of Plaintiffs' statements. As

2

indicated earlier by Defendants in this litigation, Plaintiffs have liberally used the pleadings from the Western District case of *Calicdan v. M D Nigeria, LLC* as a template, including its claims under the Trafficking Victims Protection Act, despite the demonstrable falsity of the claims in this case. The willfully false and defamatory claims were simply fabricated as a means of avoiding the mandatory arbitration in this case. In addition, Defendants' counterclaim is not aimed at chilling protected First Amendment speech, but rather, is a reasonable response to malicious and knowingly false and defamatory statements made against a private company.

The defamation claims made in Defendants' Counterclaim are subject to a one-year liberative prescription, which begins to run from the date of publication of the defamatory statements. LA. C.C. ART. 3492. Because of the likelihood of extended litigation far past a one-year period, Defendants have asserted its defamation claims as to **all** false and defamatory statements made by Plaintiffs, including those outside judicial proceedings, to preclude any later arguments that such claims have tolled.

Defendants believe under the circumstances, the proper course of action is to allow the claims to proceed or, alternatively to issue a stay of Defendants' defamation counterclaim until the proceedings as to Plaintiffs' claims have concluded.

### III. CONCLUSION

For the reasons discussed, Defendants respectfully request the Court deny Plaintiffs' Motion to Dismiss, or alternatively enter a stay of Defendants' Counterclaim but not dismiss the claims.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ David M. Korn*
       DAVID M. KORN (#21676)
       MARK FIJMAN (#37680)
       STEPHANIE M. POUCHER (#37263)
       365 Canal Street • Suite 2000
       New Orleans, Louisiana 70130
       Telephone: (504) 566-1311
       Telecopier: (504) 568-9130
       david.korn@phelps.com
       mark.fijman@phelps.com
       stephanie.poucher@phelps.com

**ATTORNEYS FOR DEFENDANTS, GRAND ISLE SHIPYARD, LLC AND GIS, LLC**