# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORGTIGUERRA, ET AL<br><br>*Plaintiffs*<br><br>v.<br><br>GRAND ISLE SHIPYARD, LLC, ET AL.<br><br>*Defendants* | CIVIL ACTION NO. 2:22-cv-00309<br><br>SECTION "J"<br>JUDGE CARL J. BARBIER<br><br>MAG. DIV. (4)<br>MAGISTRATE JUDGE KAREN WELLS ROBY |

### REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS FOR DEFAMATION AND MOTION TO STRIKE PURSUANT TO LA. CODE CIV. P. ART. 971

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, who file this Reply Memorandum to Defendants' Opposition to the Motion to Dismiss Defendants' Counterclaims for Defamation and Motion to Strike, as follows:

**I. DEFENDANTS STILL PROVIDE NO LEGAL OR FACTUAL BASIS FOR THEIR COUNTERCLAIMS.**

Defendants' opposition admits that there is no legal basis for their counterclaims of defamation based on the pleadings. R. Doc. 65, p. 2 citing *Kalencom Corp. v. Shuman*, 2018 WL 1739213 (E.D. La. April 11, 2018) (dismissing improper defamation claims).

However, Defendants request their improper claims be resurrected by lobbing self-serving accusations in their opposition, contending "abuse of privilege," by simply reciting the standard

for a defamation claim. R. Doc. 65, p. 2.[1] The same is true for Defendants' alleged defamation claims "outside judicial proceedings," for which Defendants provide no information whatsoever other than rank speculation. Even the case cited by Defendants, *Schmidt v. Cal-Dive International, Inc.*, 240 F.Supp.3d 532 (W.D. La. 2017), resulted in the dismissal of the improper defamation counterclaims.

## II. DEFENDANTS' REQUEST FOR A STAY IS IMPROPER.

In their opposition, Defendants ask this Court to "issue a stay" of their un-matured defamation claims. "Under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, 'it is axiomatic that a memorandum in opposition does not equate to a motion" for relief under Rule 60(b).'" *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 20-3087, 2022 WL 17980209, at *3 (E.D. La. Dec. 27, 2022) citing *Lazard v. E. Baton Rouge Par. Sch. Bd.*, Civil Action No. 3:12-00552, 2013 WL 3772286, at *3 (M.D. La. July 16, 2013); *Cotton Exch. Inv. v. Xcel Air Conditioning*, Civil Action No. 16-17543, 2019 WL 3006401, at *6−7 (E.D. La. July 10, 2019) (citing FED. R. CIV. P. 7(b)(1)) (explaining that plaintiff did not properly raise its request for reconsideration because the request was raised in plaintiff's opposition and the Federal Rules of Civil Procedure require requests for court orders to be made by motion); see also LR 7.2, 7.4 (explaining that motions must be noticed for submission, must be accompanied by a supporting memorandum, and that the motion and supporting memorandum must be served with the notice of submission). Regardless, a stay of admittedly unripe and un-matured defamation claims is improper, resulting in the routine dismissal of the claims by Louisiana state and federal courts.

---

[1] "Defendants in good faith believe any such privilege is being abused, based on Defendants' knowledge of the falsity of Plaintiffs' statements."

**III.    DEFENDANTS DO NOT ADDRESS PLAINTIFFS' REQUEST THAT THE COURT STRIKE THE COUNTERCLAIMS UNDER THE LOUISIANA ANTI-SLAPP STATUTE.**

In their opposition brief, Defendants ignored Plaintiffs' request that the Court strike the counterclaims pursuant to the anti-SLAPP provisions of La. Code. Civ. P. art. 971. Therefore, Defendants have waived any arguments on this issue, and Plaintiffs rest on the related arguments set forth in their Motion, R. Doc. 53 at 2, and accompanying Memorandum of Law. R. Doc. 53-1 at 6-8, and request that the Court award appropriate relief.

**CONCLUSION**

Plaintiffs respectfully request that the Court grant this Motion to Dismiss Defendants' Counterclaims, and grant the Motion to Strike said counterclaims pursuant to La. Code Civ. P. art. 971, awarding all just remedies and relief associated with the motions.

Respectfully submitted this day: January 11, 2023,

       /s/ Kenneth C. Bordes
**Kenneth C. Bordes (Bar #35668)**
**Kenneth C. Bordes,**
**Attorney at Law, LLC**
4224 Canal St.
New Orleans, LA 70119
P: 504-588-2700
F: 504-708-1717
E: kcb@kennethbordes.com

**Daniel Werner (GA Bar #422070)**
**Radford & Keebaugh, LLC**
315 W. Ponce de Leon Ave., Suite 1080.
Decatur, GA 30030
P: 678-271-0300
F: 678-271-0304
E: dan@decaturlegal.com
*(admitted pro hac vice)*

**M. Lucia Blacksher Ranier (Bar # 26605)**
**Samuel T. Brandao (Bar #34456)**
**Civil Rights and Federal Practice Clinic**
**Tulane Law School**
6329 Freret Street

3

        New Orleans, LA  70118
        P: (504) 862-8892
        F: (504) 862-8753
        E: lblacksh@tulane.edu
        E: sbrandao@tulane.edu

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 11, 2023, I electronically filed the foregoing First Amended Complaint with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all Parties.

        /s/ Kenneth C. Bordes