UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR CAGARA ORTIGUERRA, ET AL.          CIVIL ACTION

VERSUS                                    NO. 22-309

GRAND ISLE SHIPYARD, LLC., ET AL.         SECTION: "J"(4)

## ORDER & REASONS

Before the Court is a *Motion to Dismiss Defendants' Counterclaims for Defamation* **(Rec. Doc. 53)** filed by Plaintiffs, an opposition (Rec. Doc. 65) filed by Defendants, a reply (Rec. Doc. 68) filed by Plaintiffs, and a sur-reply filed by Defendants (Rec. Doc. 71). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

The facts and procedural history of this case are explained in more detail in the Court's Order and Reasons granting in part and denying in part Defendants' motion to compel arbitration. *See* (Rec. Doc. 45). In sum, Plaintiffs are welders and fitters from the Philippines who came to the United States to work on oil rigs. Plaintiffs sued their employers, Grand Isle Shipyard, LLC and GIS, LLC, in this Court, alleging that they were not paid minimum wage nor overtime in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs also claim that Defendants violated the Trafficking Victims Protection Act ("TVPA"); 18 U.S.C. § 1589; and the Fair Housing Act ("FHA"); 42 U.S.C. § 3613. Specifically, Plaintiffs claim that Defendants subjected them to forced labor and segregated and isolated Filipino workers when

1

assigning housing and COVID-19 quarantine accommodations. Plaintiffs also allege that during and after Hurricane Ida, Defendants refused to allow Filipino workers to evacuate, instead forcing them to remain in a bunkhouse with a damaged roof without clean water and electricity for weeks. The Plaintiffs assert these claims as a putative collective action under the FLSA and a putative class action pursuant to Fed. R. Civ. P. 23(b).

Defendants moved to compel arbitration pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The Court denied the motion as to the TVPA and FHA claims, but the Court granted the motion to compel arbitration as to the FLSA claims and stayed those claims pending arbitration.

Defendants then answered the complaint. The answer included a counterclaim for defamation against Plaintiffs, which claims that Plaintiffs' amended complaint contains false and defamatory claims of human trafficking and discrimination. Defendants allege that Plaintiffs acted with malice and knew their allegations to be false and/or acted with reckless disregard as to the truth or falsity of the allegations. Plaintiffs moved to dismiss the defamation claim, or in the alternative, strike the counterclaim pursuant to La. Code. Civ. P. art. 971.

## LEGAL STANDARD

Plaintiffs primarily frame their Motion as a request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## **PARTIES' ARGUMENTS**

In the Motion to Dismiss Defendants' Counterclaims **(Rec. Doc. 53)**, Plaintiffs argue first that Defendants fail to state a claim for defamation because defamation counterclaims based on judicial proceedings are not ripe until those proceedings are terminated and second that they do not provide a factual basis for any defamatory statements in "non-judicial sources." (Rec. Doc. 53-1, at 4). Plaintiffs also explain that Louisiana Code of Civil Procedure article 971 creates a special motion to strike a meritless cause of action (typically alleging defamation) in furtherance of the right of free speech in connection with a public issue. (Rec. Doc. 53-1, at 6). Plaintiffs argue

that their claims are public issues because they are made in the course of litigation and involve employer violations of the TVPA and FHA, which are matters of social concern to the community. *Id.* at 7.

In opposition, Defendants argue that they have asserted valid claims of defamation as to all false and defamatory statements, including those outside judicial proceedings. (Rec. Doc. 65, at 3). Defendants do not dispute that an action arising out of allegations made in a judicial proceeding and made against a party to those proceedings cannot be brought until those proceedings are terminated. *Id.* at 2. However, they argue that Plaintiffs abused that privilege because of Defendants' own "good faith belie[f]" of the falsity of Plaintiffs' statements and because Plaintiffs modelled their human trafficking claims from another district court case to avoid compelled arbitration. *Id.* at 2-3. Defendants also contend that their defamation claim is not aimed at chilling protected First amendment speech but is instead a "reasonable response to malicious and knowingly false and defamatory statements." *Id.* at 3. Finally, Defendants suggest that, should the Court not allow their claims to proceed, the Court issue a stay of the defamation counterclaim until the proceedings as to Plaintiffs' claims have concluded. *Id.*

In reply, Plaintiffs emphasize that Defendants claims are speculative, because they did not provide facts to support their defamation claims, including those allegedly arose outside judicial proceedings. (Rec. Doc. 68, at 2). Plaintiffs also argue that Defendants' request for a stay in their opposition memorandum was improper, because oppositions do not equate to a motion for relief. *Id.* Additionally, Plaintiffs

4

contend that Defendants ignored their special motion to strike, thus waiving any arguments on this issue. *Id.* at 3.

The Court granted Defendants' motion for leave to file a sur-reply to address the waiver issue. (Rec. Doc. 70). In their sur-reply, Defendants note that their opposition memoranda had in fact addressed Plaintiffs' arguments regarding their special motion to strike by arguing that the defamation claim was not aimed at chilling speech. (Rec. Doc. 71, at 1). Defendants also provide a sworn declaration by GIS's Human Resources Director, stating that Plaintiffs' complaint "falsely and maliciously make[s] claims of human trafficking against GIS, including allegations of forced labor, trafficking for forced labor, attempt and conspiracy to commit forced labor and trafficking for forced labor." (Rec. Doc. 71-1, at 2). The statement also alleges that "the falsity of these claims. . . is highlighted by the fact that two of the Plaintiffs who claim to have been [at work] during Hurricane Ida were actually in the Philippines at the time, according to government documentation." *Id.*

## DISCUSSION

Defendants' counterclaim for "defamation/defamation per se" alleges that Plaintiffs made unprivileged false and defamatory statements about Defendants, imputing the commission of crimes including human trafficking and housing discrimination. (Rec. Doc. 46, at 46 ¶54). They argue that, because the allegations were published by filing the class action complaint into the public records, Plaintiffs caused "subsequent re-publication to occur in non-judicial sources." *Id.* ¶55. Defendants also accuse Plaintiffs of acting with malice and in bad faith, with the

knowledge that the allegations were false and/or acting with reckless disregard as to the truth of the allegations. *Id.* ¶56 Defendants allege that the defamatory statements caused damage by "exposing them to contempt and ridicule and lowering their reputations in the estimation of the business and general community," in addition to resulting pecuniary losses. *Id.* ¶57.

Under Louisiana law, a claim of defamation requires establishing four elements: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 703 So.2d 552, 559 (La. 1997). Statements are defamatory per se when the statements "accuse another of criminal conduct, or which, by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances." *Costello v. Hardy*, 864 So.2d 129, 140 (La. 2004) (citations omitted). In such a case, the elements of falsity, fault, and injury are presumed, but may be rebutted. *Id.*

For defamation claims arising out of allegations made in judicial proceedings and against a party to those proceedings, Louisiana law states that the defamation action cannot be brought until those proceedings are terminated. *5-Star Premium Finance, Inc. v. Wood*, No. 99-3705, 2000 WL 1678010, *1 (E.D. La. 2000) (citing *Ortiz v. Barriffe*, 523 So. 2d 896, 898 (La. App. 4 Cir. 1988)); *see also Calvert v. Simon*, 311 So. 2d 13, 15 (La. App. 2nd Cir. 1975) ("The rule is well established in the jurisprudence of this State that a cause of action for defamatory statements set forth

6

in the pleadings of a civil action does not arise or come into existence until final determination of such suit, and, therefore, a claim for damages for an alleged libel set forth in the pleadings may not form the basis for a reconventional demand in the pending suit."). A party must have the opportunity to "prove the truth or falsity of their allegations before an opposing party can counterclaim for defamation and reputational harm." *5-Star Premium Finance, Inc.*, 2000 WL 1678010, *1 (citing *Calvert v. Simon*, 311 So. 2d 13, 15–16 (La. App. 2 Cir. 1975)). Providing this opportunity allows not only for a cooling-off period to eliminate the necessity of a defamation suit, but also for the determination of the outcome of the original proceedings, which may bear on a party's ability to recover for defamation. *See Ortiz*, 523 So. 2d at 898 (citing *Calvert v. Simon*, 311 So. 2d 13 (La. App. 2nd Cir. 1975)) ("John Citizen when named a defendant usually reacts with a desire to sue for the insult. However, by the conclusion of trial, his temper has generally cooled and he is happy to be free of the court system.").

In this case, Defendants' allegations of defamation are both conclusory and not yet ripe for consideration. First, Defendants do not provide any information regarding publication of Plaintiffs' statements outside of a judicial proceeding, nor do they provide any facts pointing toward Plaintiffs' malice or intent, as required to state a claim for defamation. Second, Defendants must wait until the conclusion of the instant litigation, which will most likely determine the truth or falsity of the statements, before bringing a claim for defamation or defamation per se based on

statements Plaintiffs made in their pleadings. After this Court resolves this phase of litigation, Defendants may choose whether or not to pursue their defamation claims.

Finally, because the Court finds that the defamation counterclaim should be dismissed, the Court declines to address movants' alternative motion to strike the counterclaim pursuant to article 971 of the Louisiana Code of Civil Procedure.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Dismiss Defendants' Counterclaims for Defamation* **(Rec. Doc. 53)** is **GRANTED.** Defendants' counterclaims for defamation are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 20th day of January, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE