UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR ORTIGUERRA, ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-309 |
| GRAND ISLE SHIPYARD, LLC, ET AL. | DISTRICT JUDGE BARBIER<br>MAGISTRATE JUDGE DOSSIER |

### ORDER AND REASONS

Defendants, Grand Isle Shipyard, LLC and GIS, LLC, filed a Motion to Modify the Protective Order Regarding Production of T Visa Applications and Related Documentation.[1] Plaintiffs, Victor Ortiguerra, et al., filed an opposition,[2] and Defendants replied.[3] Based on the parties' submissions, the record, the law, and for the reasons below, the motion is denied.

### I.  Background

Plaintiffs allege that their employment by the Defendants involved violations of federal law, including the Trafficking Victims Protection Act ("TVPA"). As summarized by the District Court:

> Plaintiffs are welders and fitters from the Philippines who came to the United States to work on oil rigs. Plaintiffs sued their employers, Grand Isle Shipyard, LLC and GIS, LLC, in this Court, alleging that they were not paid minimum wage nor overtime in violation of the Fair Labor Standards Act ("FLSA").

\* \* \*

---

[1] R. Doc. 175.
[2] R. Doc. 191.
[3] R. Doc. 196-4 (sealed).

1

> On June 28, 2022, Plaintiffs amended their complaint to add four new plaintiffs, additional factual allegations, and two additional claims for violations of the Trafficking Victims Protection Act ("TVPA"); 18 U.S.C. § 1589; and of the Fair Housing Act ("FHA"); 42 U.S.C. § 3613. Specifically, the Plaintiffs claim that Defendants subjected them to forced labor because Defendants threatened termination and deportation if the Plaintiffs left the employer-provided housing or communicated with family members. Plaintiffs claim that Defendants segregated and isolated the Filipino workers when assigning housing and COVID-19 quarantine accommodations. Plaintiffs also allege that, during and after Hurricane Ida in 2021, Defendants refused to allow them and other Filipino workers to evacuate, so they had to remain in a bunkhouse with a damaged roof without clean water and electricity for weeks. Plaintiffs allege that Non-Filipino workers were not required to remain in the bunkhouse and evacuated. The Plaintiffs assert these claims on behalf of others similarly situated as a putative collective action under the FLSA and a putative class action pursuant to Fed. R. Civ. P. 23(b).

*Ortiguerra v. Grand Isle Shipyard, LLC*, 630 F. Supp. 3d 793, 796 (E.D. La. 2022).

The instant dispute about whether the Plaintiffs must produce documents related to visa applications for victims of human trafficking ("T visas") is not new. In May 2024, Defendants filed a Motion to Compel[4] relative to Plaintiffs' "T and/or U visa applications" and all supporting documents.[5] The undersigned addressed that dispute in a sixteen-page Order and Reasons issued on June 7, 2024.[6] That ruling allowed Defendants access to some, but not all, of the information they sought. Subject to a protective order, the Court ordered the Plaintiffs to produce "the factual portions of sworn statements (if any) by them regarding the facts underlying this case

---

[4] R. Doc. 87.
[5] R. Doc. 87 at 1.
[6] R. Doc. 93.

with non-relevant information and the purpose of the sworn statement redacted."[7] The Court further required the parties to prepare the proposed protective order relative to confidential information.[8]

The parties submitted a proposed protective order, which was signed on August 16, 2024.[9] The Protective Order repeats the scope of discovery as stated in the prior Order and Reasons and provides for certain procedures relative to maintaining confidentiality.[10]

In requesting modification of the Protective Order, Defendants focus on aspects of the Protective Order that incorporate the prior Order and Reasons on the motion to compel. Defendants do not propose, for example, any concrete modifications to the procedure for designating information as confidential. Lest there be any doubt, the Motion to Modify the Protective Order seeks to compel production of Plaintiffs' "T visa applications" and all supporting documents.[11] The Motion to Compel's request for relief was nearly identical. In short, although captioned a motion for modification of the Protective Order, Defendants' motion presents a request for reconsideration of the June 7, 2024 ruling on their motion to compel.

---

[7] R. Doc. 93 at 15
[8] R. Doc. 93 at 15.
[9] R. Doc. 99.
[10] For example, it states: "[s]ubject to the Court's June 7, 2024 Order and Reason [Docket 93] Affiants will not produce: a. [a]ny cover letter(s) accompanying any immigration application . . . ." R. Doc. 99 at 3. *See also* R. Doc. 93 at 9 (explaining that cover letters need not be produced).
[11] R. Doc. 175-8 at 16 (sealed). As set forth in the prior Order and Reasons, U visas are not at issue in this case. *See* R. Doc. 93 at 2.

3

## II. LAW AND ANALYSIS

### A. Standard of Law

Defendants' initial brief relied on the Rule 26(b)(1) standard relative to the scope of discovery.[12] That approach, however, does not consider that the parties already litigated the issues in the present motion nor that the Court already ruled. Thus, the standard for reconsideration applies—but not the one recited by Plaintiffs.

Plaintiffs rely on case law involving reconsideration under Rule 59(e) and Rule 60(b).[13] Yet the decisions Plaintiffs cite predate *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017). In *Austin*, the Fifth Circuit held that a district court abused its discretion when it applied the "heightened standard of Rule 59(e)" to a motion for reconsideration of an interlocutory ruling rather than the "more flexible Rule 54(b)" standard. *See id.* at 337. In doing so, the Fifth Circuit made clear that Rule 59(e) does not apply to interlocutory rulings. *Id.*

The prior ruling on the Motion to Compel was interlocutory. *See Cazorla v. Koch Foods of Mississippi, L.L.C.,* 838 F.3d 540, 547 (5th Cir. 2016). Thus, it is subject to Rule 54(b). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all

---

[12] R. Doc. 175-8 at 5 (sealed). In their reply memorandum, Defendants for the first time articulated the standard for modification of a protective order. R. Doc. 196-4 at 2 (sealed). As set forth below, their motion fails under that standard as well.
[13] R. Doc. 191-1 at 5-7 (sealed).

4

the parties' rights and liabilities." A trial court is "free to reconsider and reverse [an interlocutory] decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017) (internal quotation marks omitted). Additionally, "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be [] flexible, reflecting the 'inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *See id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

Although reconsideration under Rule 54(b) allows for relief when justice requires, it does not open the door to endless repetitious argument:

> A judge convinced that an earlier ruling was wrong has— must have— authority to reconsider and rectify the error. Reconsideration, however, is not provided indiscriminately whenever some party might wish it. Judges must protect themselves and the other parties against the delays and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden. Effective trial-court management also demands that parties be able to rely on the rulings that progressively direct proceedings toward trial.

18B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Juris. § 4478.1 (3d ed. 2022). When faced with a request for reconsideration under Rule 54(b), courts must balance the potential need to correct or modify an earlier ruling with the need for finality, efficiency, and stability in litigation. *See id.*

### B. Analysis

A court may reconsider an earlier ruling "for any reason it deems sufficient . . . ." *Austin v. Kroger Texas, L.P.,* 864 F.3d 326, 336 (5th Cir. 2017). Defendants, however, have presented no persuasive justification for reconsideration of the prior ruling.

Most importantly, Defendants have failed to identify an objective error in the analysis set forth in the June 2024 Order and Reasons. True, Defendants disagree with that ruling. They maintain that the Court should have weighed the relevant factors differently. But their arguments duplicate those considered earlier. And the primary cases on which Defendants rely precede the Fifth Circuit's ruling in *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540 (5th Cir. 2016).[14] Defendants' continued disagreement with the ruling does not warrant reconsideration.

Defendants were free to seek review by the District Court of the June 2024 Order and Reasons. *See id.* Rule 72(a) allows such review and requires district courts to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." *See Cazorla*, 838 F.3d at 546 n.8 (quoting Fed. R. Civ. P. 72(a)). And if they did not prevail before the District Court, Defendants could seek certification for interlocutory review under 28 U.S.C. § 1292(b). *See id.* at 547.

---

[14] For example, Defendants cite and quote *Samuel v. Signal Int'l L.L.C.*, No. 13-CV-323, 2014 WL 12597395, at *7 (E.D. Tex. Oct. 15, 2014). But that case, in turn, relied extensively on and quoted from the analysis from the district court's decision in *Cazorla v. Koch Foods of Miss., L.L.C.,* No. 3:10-cv-135, 2014 WL 281979, at *2 (S.D. Miss. Jan. 24, 2014). The Fifth Circuit overturned that decision. *See Cazorla*, 838 F.3d 540.

6

Defendants chose not to do so. Thus, Plaintiffs have relied on the protections of the prior ruling in participating in discovery.[15] Revisiting that ruling now would undermine the stability of the discovery process.

Relatedly, the passage of time counsels against reconsideration. Although Rule 54(b) does not impose a bright-line time limit, the passage of time is relevant to whether reconsideration is in the interest of justice. "Stability becomes increasingly important as the proceeding nears final disposition, supporting refusal to reopen issues that could cause further delay or confusion." 18B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Juris. § 4478.1 (3d ed. 2022).

Defendants contend that the passage of time has yielded new evidence supporting reconsideration in this case.[16] The new evidence and related argument, however, target disproving Plaintiffs' trafficking claims rather than identifying a new need for their visa documents.[17] For example, Defendants argue that certain plaintiffs' testimony "demonstrates a high likelihood that Plaintiffs' human trafficking claims against GIS were fabricated . . . ."[18] The contention that a desire

---

[15] *See* R. Doc. 191-1 at 11 (sealed) ("[p]laintiffs have heavily relied on the specific limitations laid out in the Court's Order [and the Protective Order] in producing prior sworn statements and [related evidence].").

[16] In doing so, they first repeat their prior allegation that Plaintiffs' First Amended Complaint contained "outright fabrication" because, although originally alleged to have been in Louisiana during Hurricane Ida, two of the plaintiffs were in fact in the Philippines. R. Doc. 175-8 at 8 (sealed). In responding, Plaintiffs again explain that this error "arose out of Tagalog-English translation issues rather than ill motive," and the error was corrected via amendment. R. Doc. 191-1 at 8 n.4 (sealed). This is not a new argument—to the contrary, it has been repeated with near-ritualistic frequency.

[17] *See* R. Doc. 175-8 at 8-10 (sealed).

[18] R. Doc. 175-8 at 10 (sealed).

7

for humanitarian visas may have motivated certain claims is not new.[19] And the argument that Plaintiffs' own testimony proves this contention cuts both ways. If that argument is correct, it strengthens Defendants' position on the merits, but it also undermines the assertion that additional discovery is necessary. Further, Defendants' lack of specificity as to the documents that they purport to require weighs against reconsidering the scope of discovery.[20]

Finally, in their reply memorandum, Defendants argue that the standard for modification of a protective order applies and supports their position in this case.[21] To begin, that argument is waived.[22] And, as set forth above, Defendants captioned their motion as seeking a modification of a protective order, but the motion seeks to compel production of certain documents and information.[23] Captions do not control

---

[19] Defendants did not require Plaintiffs' deposition testimony to press the argument that this case involves fraudulent claims. They have made that claim repeatedly throughout the litigation.

[20] Defendants seek "any T visa applications . . . including any and all supporting documents . . . ." R. Doc. 175-8 at 1 (sealed).

[21] Defendants also argue for the first time in their reply memorandum that the evidence they seek is relevant to Plaintiffs' motion for class certification. *See* R. Doc. 196-4 at 3-4 (sealed). But the Court will not consider arguments raised for the first time in reply. Further, briefing (including more than 50 attached exhibits) appears complete on the certification motion, such that only oral argument remains. *See* R. Doc. 188.

[22] *See, e.g.*, *Port Marigny, LLC v. City of Mandeville*, No. CV 17-4727, 2024 WL 1406486, at *2 (E.D. La. Apr. 2, 2024) ("Of course, 'arguments raised for the first time in a reply brief are generally waived.'") (quoting *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)).

[23] *See* R. Doc. 175-8 at 17 (sealed); R. Doc. 196-4 at 8 (sealed) (requesting that the Court grant the motion and "issue an [o]rder compelling the named Plaintiffs to produce any T visa applications . . . .")

8

the standard of review. And even under the standard for modification of a protective order, Defendants' motion still fails.

Requests for modification of a protective order in civil cases are subject to a four-factor analysis:

> In that context, courts consider four factors when determining whether to modify a protective order: "[ (]1) the nature of the protective order[;] (2) the foreseeability, at the time of issuance of the order, of the modification requested[;] (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Peoples v. Aldine Indep. Sch. Dist.,* No. CIV. A. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008).

*United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (comparing protective order modification standards in civil and criminal cases).

Each of the factors weighs against granting Defendants' motion. Because the analysis largely overlaps with the above discussion, each factor will be addressed only briefly. First, the protective order is specific rather than general. Indeed, the documents that Defendants seek are "precisely the type of documents at which the protective order was aimed . . . ." *See id.* Second, Defendants' disagreement with certain aspects of the protective order was not just foreseeable but subject to thorough litigation before entry of the protective order. Third, the parties have relied on the prior discovery ruling, including by participating in discovery as to information related to the humanitarian visas. Fourth, the analysis set forth above as to the Rule 52(b) analysis confirms that good cause does not support modification.

## III.     Conclusion

For these reasons,

**IT IS ORDERED** that Defendants' Motion to Modify the Protective Order (R. Doc. 175) is **DENIED**.

New Orleans, Louisiana, this 21st day of March, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE