UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORTIGUERRA ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-309 |
| GRAND ISLE SHIPYARD, LLC ET AL. | SECTION: "J"(3) |

### ORDER & REASONS

Before the Court is a *Motion for Reconsideration of Court's Order on Arbitration or Alternatively, Second Motion to Compel Arbitration* **(Rec. Doc. 223)** filed by Defendants Grand Isle Shipyard, LLC and GIS, LLC. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This Court described the facts of this case at length in its Order and Reasons issued on September 26, 2022. (Rec. Doc. 45). In that order, this Court granted in part and denied in part Defendants' motion to dismiss and compel arbitration. The Court found that Plaintiffs' Fair Labor Standards Act ("FLSA") claims arose from their employment with Defendants, but that their Trafficking Victims Protection Act ("TVPA") and Fair Housing Act ("FHA") claims did not. Therefore, the Court ordered that Plaintiffs' FLSA claims be stayed and referred to arbitration while permitting Plaintiffs' TVPA and FHA claims to proceed.

On May 25, 2023, this Court granted Plaintiffs' motion for leave to file their Second Amended Complaint. Plaintiffs then filed their Second Amended Complaint, adding FLSA retaliation claims, and Defendants filed their Answer to Plaintiffs' Second Amended Complaint on June 11, 2023.

On July 22, 2025, Defendants filed a motion requesting the Court to reconsider its September 26, 2022, order. On August 26, 2025, Plaintiffs filed their opposition to the motion. On September 2, 2025, Defendants filed their reply.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *SnoWizard*, 921 F. Supp. 2d at 563–64. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* at 564 (citation omitted).

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th

Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory orders under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* (finding that district court abused its discretion in denying plaintiff's motion for reconsideration under Rule 59(e) rather than under Rule 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere*, 910 F.2d at 185).

Here, the Court's Order and Reasons granting in part and denying in part Defendants' motion to compel arbitration (Rec. Doc. 45) is an interlocutory order, which means that Rule 54(b) applies to Defendants' current motion for reconsideration. (Rec. Doc. 223).

**PARTIES' ARGUMENTS AND DISCUSSION**

Defendants argue that this Court should compel arbitration of Plaintiffs' TVPA and FHA claims for two main reasons. First, Defendants allege that Plaintiffs' TVPA and FHA claims "arise from" their employment by Defendants, and therefore, the arbitration clause in their employment contracts should apply. Second, the Fifth Circuit's recent decision in *Calicdan v. MD Nigeria LLC*, 2023 WL 3946400 (5th Cir. June 12, 2023) found that TVPA claims similar to those in the instant case were arbitrable, and therefore, Defendants contend that the Court should reach the same decision in regard to Plaintiffs' TVPA and FHA claims. (Rec. Doc. 223-1, at 6).

Defendants argue that these claims arise from Plaintiffs' employment for two reasons: first, because Plaintiffs were paid during the events that gave rise to their

3

claims, *id.*, and second, because the claims concern events that occurred during Plaintiffs' contract terms of employment, *id.* Defendants argue these temporal and monetary factors distinguish this case from those this Court considered in its prior order.

In its prior order, this Court considered cases such as *Jones v. Haliburton*, 583 F. 3d 228 (5th Cir. 2009); *Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204 (11th Cir. 2011); and *Maglana v. Celebrity Cruises, Inc.*, 2022 WL 3134373 (11th Cir. Aug. 5, 2022). (Rec. Doc. 45). Defendants argue this case is distinguishable because here Plaintiffs *were compensated* during the events that give rise to their claims, whereas the plaintiffs in the cited cases were not. Defendants suggest that, if the plaintiffs in the above-mentioned cases had been compensated, then the courts would have concluded that their claims arose from their employment. However, none of these opinions expressly factored lack of compensation into their reasoning concerning whether plaintiffs' claims arose from their employment.

Neither the *Jones* nor *Doe* decision discusses whether the plaintiffs received compensation during off-duty hours. *See Jones v. Halliburton Co.*, 583 F.3d 228, 240 (5th Cir. 2009) (finding that Jones' sexual assault claims were not "'related to'" her employment because she was neither "on call at the time of the alleged incident, nor was the incident a "'risk distinctly associated with the conditions'" under which Jones lived"); *see also Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1219 (11th Cir. 2011) (finding that some of Doe's claims did not "arise from" or "relate to" her employment because those claims "involve factual allegations about how the cruise

4

line and its officials treated Doe after learning that she had been raped"); *see also Maglana v. Celebrity Cruises, Inc.*, 2022 WL 3134373 at *1 (11th Cir. Aug. 5, 2022) (noting in their Statement of Facts that Plaintiffs were uncompensated during the time concerning their factual allegations but failing to address it in their analysis).

Defendants also contend that *Calicdan v. MD Nigeria LLC* should persuade this Court to require arbitration of Plaintiffs' TVPA and FHA claims because that case had "very similar TVPA claims" to the instant case. Defendant points out that the *Calicdan* plaintiffs also lived and worked in a fenced-in, gated compound, their housing was severely overcrowded, their supervisor would yell and curse at them, and he would threaten them with deportation. (Rec. Doc. 223-1) (quotations omitted). But, despite such similarities, the Fifth Circuit never discussed whether plaintiffs' TVPA claims arose out of their employment. Instead, the court's decision was limited to whether the employees had agreed to arbitrate their claims. "Calicdan only challenges … whether there was a written agreement to arbitrate." *Calicdan*, 2023 WL 3946400 at *1; "[W]e can address only whether an arbitration agreement exists." *Id.* at *3. Also, Defendants fail to explain why similarities in Plaintiffs' TVPA claims should persuade this Court to compel arbitration of Plaintiffs' FHA claims.

Plaintiffs argue that Defendants' motion fails under the Motion to Reconsider Standard. (Rec. Doc. 232, at 9). In support, Plaintiffs contend that "Defendants show (1) no new evidence, (2) no intervening change in controlling law, and (3) no manifest error to support the removal of Plaintiffs' TVPA and FHA claims to arbitration." (Rec. Doc. 232, at 9-10).

Plaintiffs discount the significance of Defendants' arguments by contending that (1) payments by Defendants were not *wages* that arise from the employment relationship and (2) the case law supports that the key inquiry in deciding whether Plaintiffs' claims arise from their employment rests on whether Plaintiffs were performing job duties when the events that gave rise to these claims occurred. *Id.* at 10-11.

Plaintiffs argue these payments were not wages because Plaintiffs did not have to perform any of their job or contractual duties to receive them. Instead, as Defendants admit, Plaintiffs were paid "even though they were not working." (Rec. Doc. 223-1, at 8). Plaintiffs further allege that Defendants have failed to show how these payments, despite being unrelated to Plaintiffs' job duties, cause Plaintiffs' TVPA and FHA claims to arise from their employment.

Plaintiffs' argument has merit. Defendants argue that these payments cause Plaintiffs' TVPA and FHA claims to arise from their employment because Defendants paid Plaintiffs during the events that gave rise to their claims and during their employment contract term. Defendants do not present any support for the assertion that an employer payment during the events that give rise to an employee's claims and during an employee's contract term, regardless of its relation to work performance, automatically causes an employee's TVPA and FHA claims to arise from their employment.

Plaintiffs also argue that the dispositive issue is not compensation during the employment contract terms, as Defendants contend, but rather employee job duties

6

and their relation to the conduct at issue. According to Plaintiffs, if the employees are not performing work duties at the time the conduct at issue occurred, then the claim does not arise out of employment. Claims that do not arise out of employment are not subject to the arbitration agreement. Thus, Plaintiffs contend that their TVPA and FHA claims should be maintained because Plaintiffs were not working while quarantined on a vessel or at the bunkhouse.

Plaintiffs' argument has case-law support, though Plaintiffs overstate the strength of their position in the Fifth Circuit. Plaintiffs cite *Jones v. Haliburton*, 583 F. 3d 228 (5th Cir. 2009) asserting that the court in that case focused on whether Plaintiffs performed work duties while in barracks to determine whether Jones' sexual assault claim was related to her employment. (Rec. Doc. 232 at 11) (quoting *Jones*, 583 F. 3d at 241 "[T]he barracks were some distance from where Jones worked, and there is no indication that Jones or anyone else performed any job duties at the barracks.") However, in *Jones*, the court only discussed those facts to explain why the barracks were not a "workplace" for purposes of meeting broader language incorporated into the arbitration agreement. *Id.*

In addition to an arbitration clause, the employment agreement in *Jones* incorporated by reference a Dispute Resolution Program, which covered disputes more broadly, including "any personal injury allegedly incurred in or about the workplace." *Id.* The court did not thoroughly discuss work duties when analyzing whether Jones' sexual assault claims related to her employment. Still, before holding that Jones' sexual assault claims did not relate to her employment, the court noted

7

that Jones' "alleged sexual assault occurred after hours, when Jones was *off duty* and in her bedroom." *Id.* at 236-37 (emphasis added). So, while not express, the court suggested that the existence of job duties during the events that give rise to the claim is a pertinent factor for courts to consider.

The Eleventh Circuit more clearly supports Plaintiffs' argument. In *Doe v. Princess Cruise Lines, Ltd.*, the court explained that to "determine whether a dispute *arises out of* a contract . . . the focus is on 'whether the tort or breach in question was an immediate, foreseeable result of the performance of *contractual duties.*'" *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011); *see also Maglana v. Celebrity Cruises, Inc.*, 2022 WL 3134373 at *14 (11th Cir. Aug. 5, 2022) (before deciding that Plaintiffs claims did not arise out of their employment, the Court found that plaintiffs' claims were "unconnected to the plaintiffs' duties as beverage handlers.") Here Defendants' alleged violations of the TVPA and FHA occurred while Plaintiffs had no work duties (Rec. Doc. 223-1, at 8). These violations were not an immediate, foreseeable result of Plaintiffs' performance under their employment contract. Under the Eleventh Circuit's reasoning, the FHA and TVPA claims in the instant case did not arise out of Plaintiffs' employment contract, and therefore, Plaintiffs' FHA and TVPA claim should not be sent to arbitration. Such a holding would also be consistent with the Fifth Circuit's decision in *Jones*, which considered the presence of work duties during the events that gave rise to the plaintiffs' claims to be a pertinent fact. 583 F.3d 228, at 236-37.

## CONCLUSION

Although Plaintiffs were paid while quarantined in the bunkhouse or on quarantine vessels, they did not have any employment related duties. The Court is not convinced that these circumstances should cause Plaintiffs' TVPA and FHA claims to "arise from" their employment. Further, the Fifth Circuit's decision in *Calicdan* does not shed new light that requires this Court to reconsider its reasoning in its prior order. The Eleventh Circuit's analysis in *Doe* is instructive and consistent with the Fifth Circuit's decision in *Jones*.

Accordingly,

The Motion for Reconsideration (Rec.Doc. 223) is **DENIED**.

New Orleans, Louisiana, this 19th day of September 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE