UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICTOR CAGARA ORTIGUERRA ET AL. | CIVIL ACTION |
| | NO. 22-309 |
| VERSUS | |
| | SECTION "J" (3) |
| GRAND ISLE SHIPYARD, LLC ET AL. | |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Compel Complete Discovery Responses and ESI Production and Motion for Sanctions (R. Doc. 273). Defendants oppose the motion.[1] For the following reasons, as well as for the reasons stated on the record, Plaintiffs' Motion to Compel Complete Discovery Responses and ESI Production and Motion for Sanctions (R. Doc. 273) is granted in part and denied in part.

## I.    Background

Plaintiffs secured B-1 visas to work in the United States for Defendants Grand Isle Shipyard, LLC and its parent company GIS, LLC, (collectively "GIS"). Plaintiffs pursue federal claims against GIS under the Trafficking Victims Protection Act and the Fair Housing Act. As recently summarized by the District Court:

> GIS is an oil-field services contractor that, among other things, maintains and repairs oil rigs in the Gulf of Mexico. In the mid-2000s, GIS began employing skilled welders and fitters from the Philippines to work offshore on these oil rigs… While onshore, the Filipinos are housed in the GIS-owned Galliano bunkhouse… [Plaintiffs'] primary claim is that GIS prohibited Filipino employees from leaving the bunkhouse without permission while allowing non-Filipino employees to leave anytime.[2]

---

[1] R. Doc. 281.
[2] R. Doc. 259 at 1–4.

The District Court recently denied class certification for Plaintiffs' claims.[3] Thus, the claims in this matter are limited to ten individuals. The ESI discovery deadline is July 31, 2026.[4]

## II.    Legal Standard

Unless otherwise limited by court order, Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant or otherwise should not be permitted." *Cannon v. CSX Transp., Inc.,* No. CV 20-2392, 2021 WL 5358758, at *1 (E.D. La. Apr. 16, 2021) (citations omitted). Under Rule 26(c)(1), a Court may restrict discovery "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Generally, the burden of demonstrating good cause rests on the party refusing to produce the information. *See Cazorla v. Koch Foods of Mississippi, LLC,* 838 F.3d 540, 549 & n.22 (5th Cir. 2016) (citing cases).

---

[3] R. Doc. 259.
[4] R. Doc. 292.

### III.    Analysis

**1.    Defendants are required to provide a supplemental response to Interrogatory No. 5.**

Due to the breadth of the ESI universe and the expense and labor required for discovery in this matter, the Court granted Plaintiffs five additional interrogatories to help narrow proposed search terms.

Plaintiffs' Interrogatory Nos. 1–3 seek logs identifying workers who resided in GIS property or third-party property over a fourteen-year period. Plaintiffs' interrogatories seek discovery disproportionate to the needs of this case. Moreover, the interrogatories appear to be a substitute for ESI requests, rather than a mechanism to narrow ESI requests. Defendants' objections to Interrogatory Nos. 1–3 are sustained.

Interrogatory No. 4 asks Defendants to identify the format and names of their electronic records. The interrogatory seeks information disproportionate to the needs of this case, and it does not appear it will aid Plaintiffs in selecting high-yield terms. Defendants' objections to Interrogatory No. 4 are sustained.

Interrogatory No. 5 requests information regarding individuals who assigned workers to housing or transportation. Defendants responded with, subject to objections, the names and roles of individuals during the time period Plaintiffs requested. Defendants failed to provide the primary communication methods by which the individuals operated or whether those communications had been collected for ESI review. The information could help Plaintiffs identify high-yield search terms. Accordingly, Defendants' objections to Interrogatory No. 5 are sustained in part and

overruled in part. Defendants must provide Plaintiffs with the primary communication methods of the identified individuals. In addition, Defendants must share whether those individuals were one of the designated records custodians contemplated by the ESI protocol.[5]

### 2.    Defendants must correct anonymizations within three weeks.

Plaintiffs argue that Defendants' inaccurate anonymization of documents delays discovery and withholds nonprivileged, relevant information. Defendants are amendable to correcting the errors and will be given three weeks to correct the anonymizations. Plaintiff's counsel may check the corrections and, if the corrections are not satisfactory after three weeks, file a motion to have all redactions removed (subject to a potential designation of "Confidential" or "Attorneys' Eye Only"). Absent a compelling showing, Defendants will not receive further chances to improve upon their anonymization process.

### 3.    Defendants may designate documents as confidential.

Plaintiffs argue that Defendants abused the "Confidential" and "Highly Confidential" designations from the Protective Order. Plaintiffs fail, however, to demonstrate any particularized prejudice from the alleged over designation.

### 4.    Defendants must produce Teams messages.

Plaintiffs represent that Defendants have not produced any Teams messages. Defendants have agreed to produce all responsive Teams discovery by July 31, 2026. Thus, the issue is moot.

---

[5] R. Doc. 209.

**5.    Defendants are not required to produce non-responsive documents as predicted by Technology Assisted Review (TAR).**

According to Plaintiffs, Defendants have not reviewed documents labeled irrelevant by the TAR program, even though such documents may be part of families that contain relevant information. Given the volume of ESI discovery that remains to be completed and the ESI discovery deadline, Defendants are not required to review documents that are labeled non-responsive by the TAR model.

**6.    The date range for COVID-related search terms is March 1, 2020, to April 30, 2022.**

The Court restricted the date range for COVID-related terms to March 1, 2020, to April 30, 2022, due to the large number of hits for unrestricted COVID-related terms. Plaintiffs seek to expand that range. The Court declines to expand the date range.

**7.    Defendants do not need to apply COVID-related search terms to items beyond email and messages.**

The Court previously limited certain COVID-related search terms to email and attachments due to the impractical number of hits. Plaintiffs' request to expand the search beyond email and messages is not practical considering the impending ESI discovery deadline.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 273) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendants supplement their response to Interrogatory No. 5 with the primary communication methods of the identified

5

individuals and whether those individuals were one of the designated records custodians contemplated by the ESI protocol.

**IT IS FURTHER ORDERED** that Defendants correct anonymizations by **Thursday, July 9, 2026.** Plaintiff's counsel may check the corrections and, if Defendants are unable to correct the anonymizations by Thursday, July 9, 2026, file a motion to let Plaintiffs designate the documents as "Confidential" or "Attorneys' Eye Only."

**IT IS FURTHER ORDERED** that Defendants are not required to run any new ESI searches beyond those agreed to by the parties.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for sanctions is **DENIED.**

New Orleans, Louisiana, this 23rd day of June, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE